PHILIP C. BROWN AND MARGUERITE W. BROWN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15821. Promulgated March 1, 1928.

*John Enrietto, Esq.,* for the petitioners.
*Arthur H. Murray, Esq.,* for the respondent.

SMITH: The question presented by this proceeding is whether the petitioners are entitled to deduct from gross income in their joint income-tax return for 1922, $7,599.10 assessed against and paid by them to the State of New Hampshire as an inheritance tax under a law which was declared by the Supreme Court of New Hampshire in 1924 to be unconstitutional and which tax was recovered back by the petitioners in 1925. The deduction of the $7,599.10 was disallowed by the respondent in determining the deficiency upon the ground (1) that the law under which the money was collected was unconstitutional, and (2) that in any event, since the petitioners have been made whole in respect of the amount paid prior to the filing of their petition and are in *statu quo*, no allowance of a deduction for the amount paid and recovered can be made.

The petitioners claim the deduction under section 214(a)(3) of the Revenue Act of 1921, which permits an individual to deduct from gross income in his income-tax return—

Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by the authority of the United States, * * *. For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes.

In support of their contention that the amount paid is a legal deduction, petitioners submit that at the time the tax was paid and the return for 1922 was filed they had no knowledge that the law under which the tax was collected was unconstitutional and that there was no certainty that the amount paid would ever be recovered; that the incoming taxing statute contemplates a finality of the tax return for each year on the basis of the facts known in that year; and that the fact that the money was recovered in 1925 is immaterial in the determination of the deduction of the amount paid as a tax in 1922.

As to the effect of an unconstitutional law the respondent states:

* * * The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Since an unconstitutional law is void, it imposes no duties and confers no power or authority on anyone; it affords protection to no one, and no one is bound to obey it, and no courts are bound to enforce it. When a judgment of any court is based on an unconstitutional law, it has been said that it has no legitimate basis at all, and is not to be treated as a judgment of a competent tribunal, * * *.

* * * The general rule is that an unconstitutional act of the legislature protects no one. It is said that all persons are presumed to know the law, meaning that ignorance of the law excuses no one. Consequently, if any per-

son acts under an unconstitutional statute, the general rule is that he does so at his peril, and must take the consequences. * * * (6 R. C. L. 117, and cited cases.)

In *Norton* v. *Shelby County*, 118 U. S. 425, the court stated at page 442:

* * * An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.

We think that it is unnecessary in this case to consider whether a taxpayer is entitled ever to deduct from gross income taxes paid under an unconstitutional law. In the instant case it is sufficient that the taxes which were paid in 1922 were refunded to the petitioners prior to the date of the filing of this appeal. The facts are substantially similar to those which were under consideration by the Board in *Producers Fuel Co.*, 1 B. T. A. 202. In that case we stated:

While it appears that at the end of the year 1920 this taxpayer estimated its liability under the breached contracts with approximate accuracy and set the sum up on its books of account and then made its income and profits-tax return in accordance with such books, we have now before us a review of that income and profits-tax return and in making such review it is our duty to consider not only the facts known and recorded at the close of December, 1920, but also those same facts as modified by subsequent events. These subsequent events have developed the fact that the damages and losses sustained by the taxpayer on account of the breach of the Monongahela contract were settled for the sum of $5,500, and that the damages and losses sustained by the taxpayer on account of the breach of the Campbell contract were finally determined and settled for the sum of $29,742.40. With these facts before us, and for the purpose of determining the final net taxable income of the taxpayer for the year 1920, the amounts of damages and losses as finally determined must now be substituted for the estimate originally made, and in place of the deductions claimed by the taxpayer in his return and disallowed by the Commissioner the losses and damages as finally settled must be allowed as the deduction contemplated by the law.

The action of the respondent in disallowing the deduction is sustained. Cf. *Inland Products Co.*, 10 B. T. A. 235.

Reviewed by the Board.

*Judgment will be entered for the respondent.*