## Mary W. Leach, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 13416, 18690.   Promulgated May 29, 1929.

*O. W. Taylor, Esq.*, for the petitioner.
*Arthur H. Fast, Esq.*, for the respondent.

## OPINION.

TRUSSELL: William E. Walker, petitioner's decedent, died on November 9, 1918. Sections 204 of the Revenue Act of 1916 and 406 of

the Revenue Act of 1918 provide that estate taxes " shall be due one year after decedent's death " and section 214 of the Revenue Act of 1921 provides:

(a) That in computing net income there shall be allowed as deductions: * * * (3) Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by authority of the United States * * *. For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes; * * *

By section 703 of the Revenue Act of 1928 it is provided that:

(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as " beneficiary ") or of an estate for any taxable year, under the Revenue Act of 1926 or any prior revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

*       *       *       *       *       *       *

(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;

*       *       *       *       *       *       *

(b) As used in this section, the term " claimed " means claimed—
(1) In the return; * * *

In the case before us the items in controversy were not claimed by the estate, were paid by the beneficiary, and were claimed as deductions in her returns for the taxable years 1921 and 1922. They accordingly represent proper deductions if paid or accrued in those respective years within the meaning of section 214 of the Revenue Act of 1921 above quoted.

The record shows that petitioner's only book of account was a check book, on the stubs of which her bank balance appeared, and that as checks were drawn their amounts were deducted from this balance and that the first item in question was a check for $50,000 drawn on December 5, 1921, as a part payment on account of the total deficiency determined and which was not delivered to or accepted by the collector until February 21, 1922. It is insisted that this is a consistent method of accrual, the liability being charged as of the date of the check, but we can not so see it. Under such a system no item of income would be accrued as the balance would be increased only by actual deposits as made without reference to the date of receipt. Checks drawn under such a system are charged against the balance as of the date drawn merely because in the usual case payment is made immediately. The fact that occasionally delivery and payment of a check might be delayed to a date in the following taxable year does not determine even that item as one accrued, but merely calls for a correction of the account to accord

with the actual date of payment. There is no indication from the proof that petitioner used an accrual method or that such a basis would more correctly reflect her income, and we conclude that petitioner was on a cash basis. Both the item of $50,000 and the item of $6,017.40 were paid by her in the calendar year 1922, and any credits for deduction from gross income on account of such payments pertain to that taxable period as estate taxes paid in that year.

In this connection respondent insists that in no event is petitioner due a deduction for the full amount paid, as the record shows that several years subsequent to such payment suit was brought against the United States by the executor to recover the sum in question as an overpayment, and in this suit a judgment was finally recovered in 1928, under which $43,865.30 of estate tax was refunded to petitioner and $16,463.95 in interest paid her, and that any deduction allowed should be reduced by the amount ultimately recovered.

In *Inland Products Co.*, 10 B. T. A. 235, we held that amounts paid by a taxpayer as beverage taxes in 1919 and 1920 and deducted from gross income in returns for such years were not subject to deduction where it is shown that subsequent to the taxable years in question but prior to the final determination of the tax liability for those years through the proceeding before the Board, the sums so paid had been refunded as collected in error. The United States Circuit Court of Appeals for the Fourth Circuit on April 9, 1929, in affirming this decision, said:

* * * It is elementary that one who seeks to have a mistake corrected must surrender what he has received by reason thereof; and likewise one who accepts the correction of a mistake is estopped to claim a benefit to which he would be entitled if it were not corrected. In this case, the taxpayer as the result of the payment under mistake received the deduction from its gross income of the amount so paid. When the mistake was rectified and it accepted the return of the amount paid with interest, it ought not be heard to claim the benefit of the deduction on account of the payment.

We think that the rule stated is sound and applies to the facts involved in the instant proceeding.

Petitioner is entitled to deduct from gross income for the year 1922 the sum of the estate tax paid in that year, or $52,034.98 less the $43,865.30 of such tax subsequently recovered, or $8,169.68 plus the interest paid by her on this latter amount and included in the total of $3,982.44 interest paid by her in 1922.

Reviewed by the Board.

*Judgment will be entered pursuant to Rule 50.*

MURDOCK dissents.