BETTIE- MATTHEWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES D. MATTHEWS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH L. MATTHEWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD C. MATTHEWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33191–33194. Promulgated October 27, 1930.

*R. E. Bailey*, *Esq.*, for the petitioners.
*Harold Allen*, *Esq.*, for the respondent.

## OPINION.

TRUSSELL: The question here involved is similar in all respects to the one decided in *Mary W. Leach*, 16 B. T. A. 781, in which we held that credit could be taken in 1922 for only that portion of estate taxes paid in that year which was in excess of the amount of such payment refunded in 1928 as a result of suit and judgment, the tax liability

for 1922 being still open and unsettled at the time the refund in question was made.

On authority of the cited case and for the reasons discussed in the opinion filed therein, we sustain respondent's action in adjusting the estate-tax credit in 1923 by the refund made in 1924 in compromise for the suit for overpayment. In computing the adjustment, however, the payment made in 1923 should be reduced only by such portion of the $36,354.53, paid under the compromise in 1924, as represented a refund of taxes and interest overpaid in 1923, that portion of the compromise payment representing interest on the amount overpaid in the preceding year not being a refund of such overpayment.

*Judgment will be entered under Rule 50.*