CHARLES F. FAWSETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72057. Promulgated June 14, 1934.

*Charles F. Fawsett*, pro se.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

ARUNDELL: In disallowing a portion of the deduction claimed by petitioner as taxes paid to the State of Wisconsin, the respondent relies upon the proposition that amounts paid as taxes under unconstitutional statutes are not taxes at all, in view of the established doctrine that an unconstitutional act is wholly void and " in legal contemplation, as inoperative as though it had never been enacted." *Norton* v. *Shelby County*, 118 U.S. 425. There have been several cases somewhat close to this on the facts. In *Philip C. Brown*, 10 B.T.A. 1122, and *Inland Products Co.*, 10 B.T.A. 235; affd., 31 Fed. (2d) 867, the amounts illegally exacted were refunded to the taxpayers, and it was held that, having been made whole, they were not in a position to claim deductions. Similarly, in *Lehigh Valley*

*Coal Sales Co.*, 15 B.T.A. 1401, it was held that invested capital should not be reduced on account of excessive taxes later refunded. In *E. L. Bruce Co.*, 19 B.T.A. 777, the taxpayer made a payment in compromise of an amount demanded as a tax under a state statute which was later held invalid, and there, as here, the taxpayer was unable to obtain a refund. We held that, although the amount paid was not deductible as a tax, it was deductible as a loss or as a business expense. From this brief recital of the salient facts in the cited cases it is apparent that the facts here are sufficiently different so that those cases are of doubtful authority upon the question here presented.

Here the amount in controversy was demanded and paid as a tax, and the same statute which imposed the levy prevents a recovery by reason of the limitation period it prescribes. Under the circumstances present here we believe that section 23 (c) of the Revenue Act of 1928, permitting deductions for " taxes paid," should be construed to allow the deduction claimed. Particularly so, where the amount was demanded by and paid over to the sovereign under a statute which had been tested in the courts and had been held valid, *State* v. *Frear*, 148 Wis. 456; 134 N.W. 73, and the time has gone by in which the taxpayer can secure a refund, *Whitbeck* v. *Wisconsin Tax Commission*, 239 N.W. 655; 240 N.W. 804. However, we need not rest our decision entirely on this view of the Federal statute. Petitioner argues, and we think correctly, that the *Hoeper* decision does not automatically establish that he has made an overpayment to the State of Wisconsin. The *Hoeper* decision did not declare invalid the entire statute under which petitioner made his payment to the state; it went only to the one feature, namely the taxing to the husband of his wife's income. And so, while that decision is apparently applicable to petitioner's case, it would affect only the one item in petitioner's return, that is, the income of the wife reported by petitioner. The other items making up petitioner's own income remain unaffected and in order for him to secure a refund—assuming a timely application—the amount paid on account of the income of his wife might well be offset by other items in his own income or deductions. We know from experience in deciding tax cases that a tax proposed by the Government on an erroneous theory may be sustained on another ground. So here, although petitioner might be entitled to a refund on the phase of his case involved in the Supreme Court decision, the state government might well be able to retain the entire payment on matters pertaining to his own income. In this view of the case it appears that the mere citation of the *Hoeper* case, conceding the facts here to be the same, does not establish that any

portion of the amount paid by petitioner to the state was not a tax. We accordingly hold that petitioner is entitled to the deduction claimed.

Reviewed by the Board.

*Decision will be entered for the petitioner.*