ESTATE OF WILLIAM H. BLOCK, DECEASED, UNION TRUST COMPANY OF INDIANAPOLIS, AS FORMER EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80148. Promulgated February 7, 1939.

*Merlin M. Dunbar, Esq.*, and *Lucien L. Dunbar, Esq.*, for the petitioner.

*D. A. Taylor, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $62,-·006.88 in income tax of the estate of William H. Block for the calendar year 1932. The parties have settled some of their differences by a stipulation and only two questions require decision by the Board. The first is whether the Commissioner erred in including in the income of the estate for this year the amount of a refund of Federal estate taxes to the estate previously claimed and allowed as a deduction from the income of the estate for the earlier years in which paid. The second is whether the Commissioner erred in failing to allow deductions from the income of the estate for amounts payable annually to beneficiaries of a testamentary trust. The facts relating to these issues have been stipulated and are hereby found as stipulated.

The decedent died on December 11, 1928, a resident of Indianapolis, Indiana. The executor of his estate paid Federal estate tax as follows:

| | |
|---|---|
| December 11, 1929 | $564,299.23 |
| July 1, 1930 | 14,992.00 |
| January 15, 1931 | 233,859.15 |

Deductions were claimed by the estate for the above amounts on the income tax returns of the estate for the appropriate years. The deductions were allowed. The statute of limitations has now run against any additional assessments of income tax for those years. The Federal estate taxes paid, as above indicated, were computed after deducting a credit for the amount of state inheritance tax which was due under the laws of Indiana as they existed prior to March 6, 1931. The laws of Indiana were amended on the latter date to increase the state inheritance tax due upon estates, including the estate of this decedent, and this estate paid to the State of Indiana on June 16, 1932, additional inheritance tax in the amount of $611,228.58. That amount was claimed and allowed as a deduction from income of the estate for the year here involved. The estate had filed a petition with the Board contesting the Commissioner's determination of Federal estate tax due from the estate. That proceeding had not been closed when the additional state inheritance tax was paid. The payment of that additional state inheritance tax entitled the estate to a larger credit against the Federal estate tax, and the parties to the proceeding before the Board relating to the Federal estate tax liability filed a stipulation on August 27, 1932, settling the liability of the estate for Federal estate tax in which full credit was allowed for the additional inheritance tax paid to the State of Indiana in 1932. The result of the settlement was an overpayment of $603,-983.25 in Federal estate tax, which amount, together with interest, was refunded to the estate on October 12, 1932. The estate kept its

books and made its returns upon a cash receipts and disbursements basis. The interest was reported by the estate on its income tax return for the year now before the Board, but the overpayment in the amount of $603,983.25 was not reported. The Commissioner, in determining the deficiency, included the amount of the refund in the gross income of the estate.

The estate of this decedent in years prior to 1932 paid Federal estate taxes, and on its income tax return for each year claimed a deduction for the amount of Federal estate tax paid during that year. The deduction was properly allowed by the Commissioner for each year, since section 23 (c) of the Revenue Act of 1928 allowed the estate a deduction for such taxes paid within the taxable year. Section 301 (b) of the Revenue Act of 1926, relating to estate taxes, provided that a credit not to exceed 80 percent of the Federal estate tax should be allowed for state inheritance taxes paid in respect of any property included in the gross estate. The State of Indiana, like other states, took advantage of that provision by increasing the state inheritance taxes. The change in the Indiana law was not made until after the estate of this decedent had paid $813,150.38 of Federal estate tax, in the computation of which credit had been claimed for the amount of state inheritance tax due to the State of Indiana under the old law. The change in the law of Indiana, and the additional payment made to the state under the new law, entitled the estate to a much larger credit for state inheritance taxes paid than it had theretofore claimed. It was not too late to make a new claim to take advantage of this credit. Such a claim was made, with the result that the refund here in question in the amount of $603,983.25 was made to the estate in 1932, the year here involved.

It is now apparent that this taxpayer has received a refund of the taxes which formed a basis for deductions from its income in prior years and, unless some adjustment is made, $603,983.25 of income of the estate will have been received tax-free. Deductions for taxes paid in that amount have been allowed to offset income and now the taxes have been returned to the taxpayer. Congress never intended such a result. It is too late to adjust this matter by reducing the deductions for the prior years, even if that were proper. Cf. *Commissioner* v. *Central United National Bank*, 99 Fed. (2d) 568, affirming 33 B. T. A. 588. The Commissioner contends that justice requires the taking into income for 1932 of the payment received in that year in order to bring into balance the tax accounts of this taxpayer.

The question of whether recoveries of amounts previously deducted from income are to be taken into income of the year of recovery is not a new one. The petitioner cites *Inland Products Co.* v. *Blair*, 31 Fed. (2d) 867, affirming 10 B. T. A. 235; *Leach* v. *Commissioner*, 50 Fed.

(2d) 371, affirming 16 B. T. A. 781, and *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401. The holding in each of those cases was that the deduction was erroneously allowed in the first place and, since the year before the Board was that in which the original deduction was taken that original deduction was reduced by the later recovery. Those cases may be distinguishable upon the fact that there the original deduction was not properly allowed under the statute, whereas here the original deductions were proper. Furthermore, the solution given in those cases is an impractical one in many instances because the tax liability for the prior year has been closed before the recovery by the taxpayer of the amount originally claimed as a deduction.

Income tax liability must be determined for annual periods on the basis of facts as they existed in each period. When recovery or some other event which is inconsistent with what has been done in the past occurs, adjustment must be made in reporting income for the year in which the change occurs. No other system would be practical in view of the statute of limitations, the obvious administrative difficulties involved, and the lack of finality in income tax liability, which would result. The foregoing principles, which have been established by the following cases, require that the refund here be included in the income of this estate for the year of recovery. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *Houbigant, Inc.*, 31 B. T. A. 954; affd., 80 Fed. (2d) 1012; certiorari denied, 298 U. S. 669; *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988; affirmed on this point, 47 Fed. (2d) 990; certiorari denied, 284 U. S. 618; *Charles W. Nash*, 34 B. T. A. 675; affd., 88 Fed. (2d) 477; *Charleston & Western Carolina Railway Co.*, 17 B. T. A. 569; affd., 50 Fed. (2d) 342; *Askin & Marine Co.*, 26 B. T. A. 409; affd., 66 Fed. (2d) 776; *Putnam National Bank*, 20 B. T. A. 45; affd., 50 Fed. (2d) 158; *Carr* v. *Commissioner*, 28 Fed. (2d) 551, affirming a Board decision; *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320; *Cooper* v. *United States*, 9 Fed. (2d) 216; *Nott-Atwater Co.* v. *Poe*, 33 Fed. (2d) 1000; *Excelsior Printing Co.*, 16 B. T. A. 886; *Iberville Wholesale Grocery Co., Ltd.*, 17 B. T. A. 235; *S. & L. Building Corporation*, 19 B. T. A. 788; *Chicago & North Western Railway Co.*, 22 B. T. A. 1407, 1436; *Atlantic Coast Line Railroad Co.*, 23 B. T. A. 888; *First National Bank of Key West*, 26 B. T. A. 370; *B. F. Avery & Sons, Inc.*, 26 B. T. A. 1393, appeal dismissed, 67 Fed. (2d) 985; *South Dakota Concrete Products Co.*, 26 B. T. A. 1429; *Victoria Paper Mills Co.*, 32 B. T. A. 666; *Chevy Chase Land Co.*, 34 B. T. A. 150; *Dixie Margarine Co.*, 38 B. T. A. 471. Cf. *Davidson Grocery Co.* v. *Lucas*, 37 Fed. (2d) 806.

Most of the foregoing cases are ones in which a taxpayer had been allowed to take a deduction, as for taxes, expenses, losses, or bad

debts, and in a later year had recovered all, or a part, of the item previously deducted. The uniform holding was that, since the amount recovered had been deducted previously to offset income, it should be reported as a part of gross income for the year in which it was recovered. Those cases can not be distinguished in principle from the present case. The fact that the deductions claimed by this estate in the prior years were for Federal estate taxes, a nonrecurring item unrelated to the earning of income, does not distinguish the case, since some of the cases above cited involved nonrecurring items unrelated to income, such as bad debts, losses, and taxes. Nor is it a sufficient distinction that in some of the above cases the taxpayer was on an accrual basis. The decision in the case of *Edward S. Harkness*, 31 B. T. A. 1100, is not in conflict, if for no other reason than that the taxes there were deducted by one taxpayer and the Commissioner sought to include the refund in the income of a wholly different taxpayer.

The other question for decision by the Board is whether certain distributions to beneficiaries under a testamentary trust created by the decedent's will, were taxable to the recipients and, therefore, deductible by the estate, or whether they were payments of annuities not taxable to the recipients and, therefore, not deductible by the estate. Sections 162 (b) and (c) allow deductions of this kind to the estate only in case the distributions are taxable to the beneficiaries. *Helvering* v. *Butterworth*, 290 U. S. 365; *Bridgeport-City Trust Co., Trustee*, 32 B. T. A. 1181; affd., 84 Fed. (2d) 991; *Bush* v. *Commissioner*, 89 Fed. (2d) 596. The Supreme Court has held, in *Burnet* v. *Whitehouse*, 283 U. S. 148, that an annuity, an amount payable in any event and from corpus, if necessary, represents a bequest which is not taxable to the recipient. It is immaterial whether income has been ample for the payment and in all probability there will be no necessity to invade corpus. The decedent in the present case provided by his will in part as follows: "subject to prior payment of annuities hereafter charged, the remainder of the net income of said trust estate shall be paid to my three sons * * *"; "I direct that the following annuities be paid from the income of said trust fund * * *", mentioning annual payments to a sister, two other sons, and a class of grandchildren; and "with regard to the operation of the trust of my general estate, I wish to prescribe the following conditions to be followed in so far as the same are legal and practical:

All payments hereinbefore directed to be made from the income of my residuary estate, shall be made in monthly installments, unless expressly otherwise provided, and except the payments of residuary income to my sons, Meier, Rudolph and Edward, shall begin within one month following my death. Prior

to the time such residuary estate is turned over to my Trustees, such payments shall be made by my Executor, and in case at any time, either before or after said residuary estate comes into the hands of said Trustees, there shall not be sufficient income to make such payments, such deficiency shall be made up by pledging a part of the corpus of my estate; such pledge to be discharged from future income, as and when income in sufficient amounts is realized.

Counsel for the petitioner argue that the corpus of the trust was ample under ordinary circumstances to produce the income necessary to pay the annuities at all times. The payments in question are sums certain specified in the will payable for the life of the annuitants which may be paid from corpus of the trust during its existence and upon termination of the trust are expressly chargeable against the trust corpus. It is not material that the will provided for the possible restoration from income of corpus used to pay the annuities. *James R. Duncan et al., Executors*, 34 B. T. A. 999. We conclude that the annuities in question were not distributions of income but were bequests, not taxable to the annuitants and, consequently, not deductible from income by the estate.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

KERN dissents from that part of the opinion of the majority having to do with the question of the inclusion of the refund of Federal estate taxes in the income of the estate for the year of recovery.