ELSIE S. ECKSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88763.    Promulgated April 5, 1940.

*Becher W. Hungerford, Esq.*, for the petitioner.
*A. B. Peterson, Esq.*, for the respondent.

**OPINION.**

TURNER: It is true that the books of account of the two buildings were kept on the accrual basis and the petitioner reported her income therefrom by the accrual method, while her individual books of account

were kept and her other income reported by the cash method, but there has been no determination and there is no issue here to the effect that the petitioner's method of reporting income, if properly followed, will not correctly reflect her income. In this connection, see *Joseph Stern*, 14 B. T. A. 838, and *Cornelia V. Cecil*, 37 B. T. A. 904; affirmed on this point, 100 Fed. (2d) 896. Our first question accordingly is whether on the facts in this case the difference between the amount of property taxes accrued and deducted with respect to the said buildings for the year 1932 and the correct amount of such taxes has been properly included in petitioner's income for the year 1934, when the said taxes for 1932 were finally determined and paid. The petitioner concedes that the deduction by her for 1932 as real property taxes for that year exceeded the correct amount of such taxes by $3,733.43, the amount here in controversy, but contends that the error should be corrected by adjusting her 1932 income instead of her 1934 income, as the respondent has done.

Where over a period of years a taxpayer, keeping its books on the accrual basis, deducts and is allowed in its income tax returns for such years taxes or customs duties currently accrued and paid and in a later year it is determined that by reason of overvaluations, or the application of excessive rates under valid laws, the amounts theretofore paid were excessive and a portion thereof is refunded and where it further appears that the income tax returns for the years in respect of which the deductions were taken and allowed are not then open to adjustment, the amount refunded is to be treated as taxable income in the year in which the refund is made. *Houbigant, Inc.*, 31 B. T. A. 954; affd., 80 Fed. (2d) 1012; certiorari denied, 298 U. S. 669; *Victoria Paper Mills Co.*, 32 B. T. A. 666; affd., 83 Fed. (2d) 1022; *Central United National Bank*, 33 B. T. A. 588; affd., 99 Fed. (2d) 568; *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933. In *Charles W. Nash*, 34 B. T. A. 675; affd., 88 Fed. (2d) 477; certiorari denied, 301 U. S. 700; *Chevy Chase Land Co.*, 34 B. T. A. 150; and *Dixie Margarine Co.*, 38 B. T. A. 471, like treatment was accorded refunds resulting from the payment of taxes under unconstitutional statutes or regulations. Cf *Estate of William H. Block*, 39 B. T. A. 338; affd., 111 Fed. (2d) 60, where a refund resulting from the payment of additional tax pursuant to a retroactive taxing statute was held to be income for the year in which received.

While in the instant case the petitioner did not actually pay the real property taxes for 1932 and secure a refund in the taxable year as in *Houbigant, Inc.*, and *Victoria Paper Mills Co.* cited above, the actual payment of the taxes is of no moment. In those cases, as in the instant case, the books of account were kept and income reported by the accrual method and the right to the deduction claimed rested in each

instance upon the actual accrual on the books of account of the amount of such taxes then considered to be the amount properly accruable, and in each case the correct amount of such taxes was determined and the previous accrual was adjusted in the year before us. On authority of the cases cited, the respondent's treatment of the real property taxes for 1932 is sustained.

In the petition there is also assigned as error the respondent's disallowance of $1,570.22 representing the excess of the deductions taken as real property taxes for 1934 over the amount actually paid for such year in 1935 and 1936. The petitioner not only has made no argument nor cited any authorities to support the allegation of error, but, to the contrary, on brief concedes the correctness of the respondent's action. The only apparent purpose for presenting this issue was to use it as a basis for an argument that the respondent's treatment of the excess deduction taken for 1932 is inconsistent with his treatment of the excess deduction claimed for 1934. In any event, however, we have consistently held that where in a given year a taxpayer takes a deduction which, prior to the final determination of his income tax liability for such year, is ascertained to be excessive only the correct amount will be allowed in the final determination of his income tax liability. *Inland Products Co.*, 10 B. T. A. 235; affd., 31 Fed. (2d) 867; *Mary W. Leach*, 16 B. T. A. 781; affd., 50 Fed. (2d) 371; *Joseph V. Horn*, 23 B. T. A. 1131; *J. B. Jemison*, 18 B. T. A. 399; *Beacon Coal Co.*, 9 B. T. A. 280; *Producers Fuel Co.*, 1 B. T. A. 202.

Respecting the argument as to inconsistency in the respondent's method of treatment of the excess deductions for the two years, it is to be observed that the situation in which the petitioner now finds herself appears to have been one entirely of her own creation. After the receipt in 1934 by the petitioner of the first bills for the 1932 taxes assessed on the buildings, and about the middle of April 1934, the respondent made an investigation of the petitioner's income tax liability for 1932, and, as a result, allowed the petitioner deductions for 1932 taxes on the buildings computed on the basis of the bills for such taxes and not on the basis of the accruals made in 1932. The record shows that at the time the respondent made the investigation and the foregoing allowances for taxes there was pending before the Board of Appeals of Cook County a proceeding wherein the petitioner sought a reduction of the amount of the liability shown in the bills. The record fails to show, however, that the petitioner informed the respondent of that action. Furthermore it also fails to show that after securing in July 1934 a reduction of such liability the petitioner communicated that fact to the respondent. Apparently she preferred to remain silent and retain the benefit obtained from a determination of her 1932 income tax liability on the basis of the larger deductions and leave the

correction of the matter to the respondent if and when he discovered what had transpired. Timely action by the petitioner would have avoided the controversy as to 1932 real property taxes.

The petitioner contends that the respondent erred in disallowing as a deduction from income for 1934 the amount of $430.70 as sales taxes imposed under the Retailers Occupation Tax Act of the State of Illinois in connection with purchases made by her during that year. The respondent, relying on the holding in I. T. 2783, C. B. XIII-1, p. 54, that the tax imposed under the Retailers Occupation Tax Act of Illinois is imposed on the person who *sells* tangible personal property and not on the one who purchases it, contends that the tax is deductible by the seller for Federal income tax purposes and that the petitioner is not entitled to the deduction taken by her for such tax. The petitioner concedes that by the terms of the act the tax levied thereunder is "imposed upon persons engaged in the business of selling tangible personal property at retail", but urges that she is entitled to the deduction for the reason that under a common practice in Illinois in which the consumer seems to have acquiesced, the tax is, in fact, imposed on the consumer because the retailer passes it on to him, not as an element of cost, but as a tax.

Federal taxes imposed on vendors in connection with the sales of merchandise are not deductible from income by the purchasers despite the fact that the purchasers paid to the vendor at the time of sales the amounts of the taxes resulting from the sales. *A. Eisenberg*, 11 B. T. A. 574; *George M. Cohan*, 11 B. T. A. 743; reversed on another point, 39 Fed. (2d) 540; *George L. Shearer*, 18 B. T. A. 465; affirmed on this point, 48 Fed. (2d) 552; *M. Rea Gano*, 19 B. T. A. 518. Since the taxes here in controversy were imposed on the vendors from whom the petitioner made purchases and not on the petitioner, we think the foregoing rule is applicable and accordingly sustain the respondent's contention.

Reviewed by the Board.

*Decision will be entered under Rule 50.*