SANFORD COTTON MILLS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95218. Promulgated June 25, 1940.

*E. R. Zane, C. P. A.,* for the petitioner.
*E. L. Corbin, Esq.,* for the respondent.

## OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $2,853.24 in petitioner's income tax for 1935, by disallowing the deduction of $22,468.12, saying:

The Bureau holds that no liability existed in 1935 to refund processing taxes to customers, as such liability arose January 6, 1936 when the Court rendered its decision invalidating the Agricultural Adjustment Act. This is in accordance with I. T. 3143, Internal Revenue Bulletin XVI-50, 1937, page 28. The amount of $22,468.12 has, therefore, been disallowed as a deduction.

The facts are stipulated.

The petitioner was a cotton processor and used an accrual method of accounting. On December 31, 1935, it had on its books liability for processing tax for 1935 of $64,599.25. By contracts with its vendees it was to readjust its sale prices by relieving the vendee of so much as represented the passing on of processing tax if and when the processing tax were held invalid. The tax was held invalid on January 6, 1936, *United States* v. *Butler*, 297 U. S. 1.

In closing its 1935 accounts, which it did early in 1936, petitioner canceled the aforesaid accrual of $64,599.25 (which it had not paid) as its liability to the United States for tax on cotton processed in 1935, and substituted $22,468.12, which was the amount of its contractual liability for readjustment to its vendees. This contractual liability it actually discharged in the first seven months of 1936.

On its return for 1935 it deducted the $22,468.12, and the Commissioner disallowed the deduction.

The argument turns on the effect of the Supreme Court decision of January 6, 1936, on the contingent liabilities to the vendees in 1935. The respondent holds to a strict regard for the date of the decision and refuses to recognize it as having any effect on the accrual of 1935, despite the fact that the petitioner and its vendees had expressly provided for the possibility of the nullification of the tax and the consequent readjustment of the price. In this the respondent was in error. An accrual of either income or outgo which is clearly in doubt may and often should be adjusted when shortly thereafter in the next year the doubt is removed. *Inland Products Co.* v. *Blair*, 31 Fed. (2d) 867; *Gould-Mersereau Co.*, 21 B. T. A. 1316; dismissed, C. C. A., 2d Cir. The question is a practical question of clear accounting. It is more convenient and is no sacrifice of accuracy to treat such a contingent accrual as flexible enough to be modified before the books are closed to conform to the outcome of the contingency. An attempted adjustment of the books to reflect an event occurring an appreciable time after the books have been closed for the taxable year would require consideration of circumstances which would probably variously affect the rule. Cf. *North American Oil*

*Consolidated* v. *Burnet*, 286 U. S. 417; *Commissioner* v. *Brooklyn Union Gas Co.*, 62 Fed. (2d) 505, affirming 22 B. T. A. 507; *Case Co.* v. *United States*, 32 Fed. Supp. 754.

Here the petitioner in 1935 included in its income the accrued sale price of its goods and agreed to repay such part of the amount as would be excessive if the processing tax were obliterated. The obligation to repay was contemporaneous and of equal force with the inclusion in the sale price. The accrual of the one should go hand in hand with the accrual of the other, particularly so long as the books are open. Either the accrual of so much of the sale price should be eliminated from income or the accrual of the obligation to repay should be deducted. It is immaterial which.

The Commissioner's disallowance of the deduction of $22,468.12 is reversed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*