J. A. DOUGHERTY'S SONS, INC., DISTILLERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98204.   Promulgated October 8, 1940.

*S. Leo Ruslander, Esq.*, for the petitioner.
*Eugene G. Smith, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined the following deficiencies in income tax:

| | |
|---|---|
| 1935 | $ 6,173.58 |
| 1936 | 12,430.64 |
| 1937 | 25,795.57 |

The issues for decision are whether the Commissioner erred in disallowing deductions for Pennsylvania floor taxes accrued in each year and, if he did not, whether the amounts accrued should be allowed as credits under section 26 (c) (1) and (2) of the Revenue Act of 1936 in computing surtaxes on undistributed profits.  The facts have been stipulated.

The petitioner kept its books and reported its income upon an accrual method of accounting.  It accrued the amount of tax known as the "Spirituous and Vinous Liquor Floor Tax" imposed for each year under a statute of the Commonwealth of Pennsylvania.  It never paid those taxes. The Commonwealth of Pennsylvania brought a suit on April 14, 1936, to recover the floor taxes due it

from the petitioner under the statute. The petitioner filed an affidavit of defense alleging that the statute was unconstitutional. The Supreme Court of Pennsylvania, on June 30, 1938, decided in another case that the act imposing the tax was unconstitutional. The Commissioner, in determining the deficiencies, disallowed the deductions on the ground that the petitioner never paid the tax, never recognized any liability to pay it, and never was liable for the payment of it.

Although the rule stated in early cases, that unconstitutional taxes are never deductible (*Philip C. Brown*, 10 B. T. A. 1122; *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401), has now been changed substantially (*E. L. Bruce Co.*, 19 B. T. A. 777; *Charles F. Fawsett*, 30 B. T. A. 908; *Chevy Chase Land Co.*, 34 B. T. A. 150; *Charles W. Nash*, 34 B. T. A. 675; affd., 88 Fed. (2d) 477; certiorari denied, 301 U. S. 700; *Central Loan & Investment Co.*, 39 B. T. A. 981; cf. *Estate of William H. Block*, 39 B. T. A. 338), still there is no justification in this record for reversing the Commissioner, who has refused to allow deductions for accrued taxes which were resisted, were never paid, and were declared unconstitutional prior to the filing of the petition in this case.

The alternative contention of the petitioner is that it is entitled to credits under section 26 (c) (1) and (2) of the Revenue Act of 1936 in the amount of the taxes erroneously deducted. There is evidence that the officer in charge of the dividend policy would have caused the payment of dividends to the extent of the floor taxes to avoid surtaxes. The argument based upon equity is of no avail where there is no statutory provision allowing a credit. The petitioner also argues that its charter, when read with the law of Pennsylvania prohibiting dividends except from surplus, is a written contract restricting dividends within the meaning of section 26 (c). Not only is the weight of authority against this contention (*Crane Johnson Co.*, 38 B. T. A. 1355; affd., 105 Fed. (2d) 740; certiorari granted, 309 U. S. 692; *Bastian Brothers Co.* v. *McGowan*, 113 Fed. (2d) 489; *Cooperative Publishing Co.*, 40 B. T. A. 466; *Davison-Joseph Campau Realty Co.*, 41 B. T. A. 675; *Utah Hotel Co.* v. *Hinckley* (U. S. Dist. Ct. Utah, 1/29/40); contra, *Northwest Steel Rolling Mills, Inc.* v. *Commissioner*, 110 Fed. (2d) 286, but even if the contention were sound, the facts here would not support it, since the evidence does not show what the situation was in regard to surplus for either year.

Reviewed by the Board.

*Decision will be entered for the respondent.*