CARTEX MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97698. Promulgated October 9, 1940.

*Richard B. Barker, Esq.,* for the petitioner.
*E. L. Corbin, Esq.,* for the respondent.

896

OPINION.

KERN: Respondent has conceded error in disallowing the deduction claimed by petitioner from its gross income for the year 1935 in the amount of $8,392.29 representing processing taxes imposed in 1935 and paid in 1935. Therefore, there are but two questions remaining for our decision.

The first question is whether taxes in the amount of $8,919.51 accrued in 1934 by petitioner, which was using the accrual method of accounting, but not paid by it until 1935, are properly deductible by it in the latter year, the taxes having been imposed by an act of Congress which was declared unconstitutional by the Supreme Court in 1936.

This question involves the vexed problem of the correct treatment of deductions taken by reason of taxes paid under unconstitutional taxing statutes and void regulations, and, conversely, the treatment of refunds received by taxpayers in later years on account of such payments. For a general, although already outdated discussion of this problem, see Robert C. Brown, The Treatment for Federal Income Tax Purposes of Errors in the Deduction of Other Taxes, 86 U. of Pa. L. R. 385.

In three relatively early cases, the Board, reasoning from an opinion of the Supreme Court in *Norton* v. *Shelby County*, 118 U. S. 425, which dealt with an entirely unrelated subject, reached a conclusion that taxes paid under a law later declared to be unconstitutional could not be considered as a legal deduction from gross income in the year in which they were paid, and that, therefore, a refund of such taxes in a later

year would not constitute taxable income in such year of refund. *Inland Products Co.*, 10 B. T. A. 235; affd., 31 Fed. (2d) 867; *Philip C. Brown*, 10 B. T. A. 1122; *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401. For a criticism of two of these cases see *Estate of William H. Block*, 39 B. T. A. 338, 341. In each of these three cases the taxable year considered by the Board was the year in which the taxes were paid, and prior to the determination of deficiency there had been refunds of these taxes to the taxpayer.

Later, in the case of *E. L. Bruce Co.*, 19 B. T. A. 777, the Board cited the three earlier cases of the Board, together with *Norton v. Shelby County, supra*, for the general proposition that taxes imposed by an unconstitutional statute could not be deducted from gross income either in the year of accrual or of payment, but stressed the fact that in those earlier Board cases the taxpayers had received refunds of the taxes so paid prior to the determination of the deficiency. Our decision in that case was that the payment was made in settlement of a suit brought by the state for the collection of taxes, was necessary in order to prevent protracted litigation and permit the taxpayer to proceed with its usual business, and was deductible as a loss or an ordinary and necessary expense.

Some five years later, in the case of *Charles F. Fawsett*, 30 B. T. A. 908, we again considered the question of the deductibility of taxes paid under an unconstitutional statute and there held that where amounts are demanded and paid as taxes even under an unconstitutional statute and recovery of such amounts is impossible by reason of the limitation period prescribed by the statute, the amounts are deductible as "taxes paid." In that case we distinguished *Philip C. Brown, supra, Inland Products Co., supra*, and *Lehigh Valley Coal Sales Co., supra*, because of the fact that in those cases " the amounts illegally exacted were refunded to the taxpayers, and * * *, having been made whole, they were not in a position to claim deductions." No attempt was made to distinguish the decision of *E. L. Bruce Co., supra*, on this point, and, therefore, we must consider that part of the opinion in the latter case, to the effect that taxes paid or accrued under an unconstitutional statute can not be deducted as such, as dictum and no longer to be followed.

Our conclusion with regard to *E. L. Bruce Co., supra*, is substantiated by a reference to it in the recent case of *Dixie Margarine Co.*, 38 B. T. A. 471, 475, as follows:

In *E. L. Bruce Co.*, 19 B. T. A. 777, and *Charles F. Fawsett*, 30 B. T. A. 908, we held that amounts paid as taxes under unconstitutional and void state statutes, where such amounts had not been later refunded and refunds were barred by limitations or otherwise, were allowable deductions in computing Federal income tax liability for the years in which paid * * *. Such amounts

have been held *not* to constitute allowable deductions from gross income for the year in which paid *only* in those cases where refund was received prior to the final determination of the tax liability for the year in which the refunded payment was made. *Inland Products Co.*, 10 B. T. A. 235; affd., 31 Fed. (2d) 867; *Mary W. Leach*, 16 B. T. A. 781; affd., 50 Fed. (2d) 371; and compare *Joseph V. Horn*, 23 B. T. A. 1131.

This quotation would seem to accurately state the rule now applied by us to the deduction of taxes imposed by unconstitutional statutes. The fundamental reason for this rule is well stated in *Estate of William H. Block, supra,* as follows: "Income tax liability must be determined for annual periods on the basis of facts *as they existed in each period.*" (Italics supplied.) See also *Central Loan & Investment Co.*, 39 B. T. A. 981. It has been frequently said that taxation is a practical matter. To state that an unconstitutional statute should be considered as void *ab initio* may be sound legal metaphysics and helpful in some circumstances, but, as the Supreme Court itself has said in a recent decision, it is a broad statement, which "must be taken with qualifications." *Chicot County Drainage District* v. *Baxter State Bank*, 308 U. S. 371. See also *Anniston Manufacturing Co.* v. *Davis*, 87 Fed. (2d) 773. To conclude, in an interpretation of the revenue acts, that substantial amounts paid pursuant to a taxing statute, vigorously enforced by the sovereign and not declared unconstitutional until a later year, are not "taxes paid or accrued within the taxable year" within the meaning of the revenue act would be, by way of understatement, highly impractical.

As to taxes *paid* pursuant to a statute later held to be unconstitutional, both petitioner and respondent seem to agree with the rule above stated, for it is conceded that the processing taxes accrued by the petitioner for the year 1935 and paid by it in that year are properly deductible. Respondent, however, contends that those taxes accrued by the petitioner in 1934 and not paid until 1935 are not deductible by it from its gross income for the latter year. Petitioner, on the other hand, takes the rather startling position that while taxes paid under an unconstitutional statute may be properly deducted, there may be no accrual of taxes under such a statute. As authority for this position it relies on the dictum in *E. L. Bruce Co., supra,* which we have already discussed. A careful reading of this dictum indicates that if it were followed no deduction would be permitted either in the year of accrual or the year of payment. That dictum, however, as we have pointed out, no longer states the law as it is now understood. We know of no sound reason based upon theory or practice to limit the application of the present rule stated in the quotation from *Dixie Margarine Co., supra,* set out above, to cases where amounts were paid as taxes under unconstitutional

statutes and not apply it to cases where amounts were accrued as such taxes and later paid.

If, as petitioner contends, the taxes involved here were deductible by reason of the fact that no refunds have been made and that such refunds are impossible or improbable, they were properly deductible in the year in which they were accrued by petitioner, which was on the accrual basis. *United States* v. *Anderson,* 269 U. S. 422; *Ernest M. Bull, Executor,* 7 B. T. A. 993; *American Cigar Co.,* 21 B. T. A. 464; *Central United National Bank,* 33 B. T. A. 588.

On this issue our decision is for respondent.

The remaining question is whether the Commissioner erred in disallowing as a deduction from the petitioner's gross income for 1935 or in failing to exclude from the gross income for that year an item of $14,026.08 representing processing taxes imposed on petitioner and accrued on its books in 1935, which it was under obligation to refund to its vendees in the event the Agricultural Adjustment Act was declared unconstitutional and which was refunded to its vendees in 1936 pursuant to agreements executed in 1935.

Upon this issue our decision is for petitioner, on the authority of *Sanford Cotton Mills, Inc.,* 42 B. T. A. 190.

Reviewed by the Board.

*Decision will be entered under Rule 50.*