ECKERT PACKING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92346. Promulgated October 18, 1940.

*P. McKinley Harris, Esq.*, and *J. Bernard Brown, C. P. A.*, for the petitioner.

*Stanley B. Pierson, Esq.*, for the respondent.

## OPINION.

HARRON: The basic question is whether, on its corporation income and excess profits tax return for its fiscal year ended October 31, 1935, petitioner is entitled to deduct $46,622.72 in Federal processing tax which it accrued in the taxable year but never paid to the collector of internal revenue, and which was abated by the collector of internal revenue shortly after the tax was held invalid on January 6, 1936 (*United States* v. *Butler*, *supra*).

On its corporation income and excess profits tax return for the fiscal year ended October 31, 1935, petitioner included in its cost

of manufacturing, and thus deducted, $74,355.49 in processing tax. In the deficiency notice respondent disallowed the deduction of $46,622.72 in processing tax, the amount which petitioner accrued in the taxable year but never paid, and allowed the deduction of $27,732.77, the amount of processing tax which petitioner actually paid to the collector of internal revenue.

Petitioner contends that respondent erred in disallowing the deduction of $46,622.72 in processing tax because, in spite of the fact that the amount in question was never paid and was abated, petitioner had a fixed and determined liability to pay the amount in question at the end of the taxable year.

In support of his determination respondent contends that petitioner is not entitled to deduct the sum of $46,622.72 in question because it never paid that amount to the collector of internal revenue, and because, prior to the date of the filing of the petition in this proceeding, the processing tax was held invalid and the amount in question was abated. Respondent relies on *Philip C. Brown*, 10 B. T. A. 1122.

A taxpayer is not entitled to deduct the amount of tax paid in a given year if, prior to the final determination of his tax liability for such year, the amount paid is refunded or recovered. *Bergan* v. *Commissioner*, 80 Fed. (2d) 89; *Leach* v. *Commissioner*, 50 Fed. (2d) 371; *Inland Products Co.* v. *Blair*, 31 Fed. (2d) 867; *Bohemian Breweries, Inc.* v. *United States*, 27 Fed. Supp. 588; *Joseph V. Horn*, 23 B. T. A. 1131; *Philip C. Brown, supra;* and see *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401. Similarly, a taxpayer is not entitled to deduct the amount of tax accrued in a given year if, prior to the final determination of his tax liability for such year, the amount accrued is ascertained to be excessive, and then he is entitled to deduct only the correct amount of tax. See *Elsie S. Eckstein*, 41 B. T. A. 746, in which the Board stated in part as follows (p. 751):

* * * In any event, however, we have consistently held that where in a given year a taxpayer takes a deduction which, prior to the final determination of his income tax liability for such year, is ascertained to be excessive only the correct amount will be allowed in the final determination of his income tax liability. *Inland Products Co.*, 10 B. T. A. 235; affd., 31 Fed. (2d) 867; *Mary W. Leach*, 16 B. T. A. 781; affd., 50 Fed. (2d) 371; *Joseph V. Horn*, 23 B. T. A. 1131; *J. B. Jemison*, 18 B. T. A. 399; *Beacon Coal Co.*, 9 B. T. A. 280; *Producers Fuel Co.*, 1 B. T. A. 202.

See also *Bohemian Breweries, Inc.* v. *United States, supra*, in which the Court of Claims stated, in part, as follows:

* * * So long as a case involving the audit and determination of the correct tax liability of a taxpayer is open and under consideration by the Commissioner of Internal Revenue, it is his duty correctly to determine the income of the taxpayer and deductions to which the taxpayer is entitled.

*Lewis* v. *Reynolds*, 284 U. S. 281; *Illinois Terminal Co.* v. *United States*, 73 C. Cls. 263, 53 F (2d) 904. * * * This conclusion that plaintiff cannot recover because of the exclusion of these deductions is not inconsistent with the rule that an amount deducted and allowed from income in a certain year must be included in income when collected or recovered in a subsequent year when the correction of the return and the tax liability in a prior year is barred by the statute of limitations. * * * Wherever it is possible to do so, the taxing statutes require that the items of income subject to tax and the deductions to which the taxpayer is legally entitled *for the years under consideration* be correctly and legally determined by the Commissioner in his final decision, notwithstanding such decision may be made several years after the returns for the particular years involved were filed. *Lewis* v. *Reynolds*, *supra*. [Italics supplied.]

The application of the principles set forth above to the facts here compels the conclusion that petitioner is not entitled to deduct $46,-622.72 in Federal processing tax which it accrued in the taxable year but never paid, and which was abated shortly after the tax was held invalid on January 6, 1936. The respondent correctly disallowed the deduction of the amount in question. *Bergan* v. *Commissioner*, *supra; Leach* v. *Commissioner*, *supra; Inland Products Co.* v. *Blair*, *supra; Bohemian Breweries, Inc.* v. *United States*, *supra; Philip C. Brown*, *supra; Elsie S. Eckstein*, *supra*. See also *Cartex Mills, Inc.*, 42 B. T. A. 894; and *J. A. Dougherty's Sons, Inc.*, 42 B. T. A. 892.

In view of the conclusion that respondent correctly disallowed the deduction of the amount in question, it is not necessary to consider the further contention made by respondent that petitioner is not entitled to deduct the amount in question because the statute under which the processing tax was levied "was declared unconstitutional and was as inoperative as though it had never been passed." *Philip C. Brown*, *supra*.

The cases cited by petitioner have been considered and in our opinion are neither controlling nor applicable.

*Decision will be entered for the respondent.*