THE LOUISA COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104402. Promulgated December 18, 1941.

*J. S. Seidman, Esq.*, and *A. S. Fedde, C. P. A.*, for the petitioner.
*R. H. Transue, Esq.*, for the respondent.

OPINION.

SMITH: The question presented is whether the petitioner is entitled to deduct from its adjusted net income for 1937, admittedly $158,594.80, the undistributed profits tax paid by the petitioner in 1937 in the amount of $10,387.42, for the purpose of determining the amount of the income upon which the personal holding company surtax is imposed.

At the hearing of this proceeding counsel for the respondent stated:

The Commissioner takes the position, while the sum of $10,000. [$10,387.42] may have been turned over to the Collector of Internal Revenue, merely the sum of five thousand-odd dollars [$5,909.68] constituted the payment of tax. The excess was mere deposit which the taxpayer might as well have put in a bank account with six percent interest. He is only entitled to the net amount of this deduction under this section. * * *

The petitioner submits that since it made its tax return for 1937 on the cash receipts and disbursements basis it is entitled to deduct from its adjusted net income for 1937 the full amount of the undistributed profits tax for 1936 paid by it in 1937, viz., $10,387.42, and not merely the amount of its correct undistributed profits tax for 1936, viz., $5,909.68.

Section 41 of the Revenue Act of 1936 provides in material part as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Section 356 of the Revenue Act of 1936, added by section 1 of the Revenue Act of 1937, provides in part as follows:

For the purposes of this title the term "adjusted net income" means the net income with the following adjustments:

(a) ADDITIONAL DEDUCTIONS.—There shall be allowed as deductions—

(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; * * *

In *Eckert Packing Co.*, 42 B. T. A. 1000, we said:

A taxpayer is not entitled to deduct the amount of tax paid in a given year if, prior to the final determination of his tax liability for such year, the amount paid is refunded or recovered. *Bergan* v. *Commissioner*, 80 Fed. (2d) 89; *Leach* v. *Commissioner*, 50 Fed. (2d) 371; *Inland Products Co.* v. *Blair*, 31 Fed. (2d) 867; *Bohemian Breweries, Inc.* v. *United States*, 27 Fed. Supp. 588; *Joseph V. Horn*, 23 B. T. A. 1131; *Philip C. Brown, supra* [10 B. T. A. 1122]; and see *Lehigh Valley Coal Sales Co.*, 15 B. T. A. 1401. Similarly, a taxpayer is not entitled to deduct the amount of tax accrued in a given year, if, prior to the final determination of his tax liability for such year, the amount accrued is ascertained to be excessive, and then he is entitled to deduct only the correct amount of tax. See *Elsie S. Eckstein*, 41 B. T. A. 746, in which the Board stated in part as follows (p. 751):

> * * * In any event, however, we have consistently held that where in a given year a taxpayer takes a deduction which, prior to the final determination of his income tax liability for such year, is ascertained to be excessive only the correct amount will be allowed in the final determination of his income tax liability. *Inland Products Co.*, 10 B. T. A. 235; affd., 31 Fed. (2d) 867; *Mary W. Leach*, 16 B. T. A. 781; affd., 50 Fed. (2d) 371; *Joseph V. Horn*, 23 B. T. A. 1131; *J. B. Jemison*, 18 B. T. A. 399; *Beacon Coal Co.*, 9 B. T. A. 280; *Producers Fuel Co.*, 1 B. T. A. 202.

Cf. *E. B. Elliott Co.*, 45 B. T. A. 82; *Security Flour Mills Co.*, 45 B. T. A. 671.

Although in several of the cases above cited the taxpayers kept their books of account and made their income tax returns upon the accrual basis, that was not true in *Mary W. Leach*, 16 B. T. A. 781; affd. (C. C. A., 1st Cir.), 50 Fed. (2d) 371. The taxpayer in that case was on the cash receipts and disbursements basis. In 1922 the taxpayer paid a large estate tax. She claimed the deduction from her gross income of 1922 of the full amount of the estate tax paid. In 1928 she recovered a large part of the estate tax paid. The court held, affirming the Board, that the taxpayer was entitled to deduct from her gross income of 1922 only the unrefunded portion of the estate tax paid.

We think that the rule applied by the court in *Leach* v. *Commissioner, supra*, has equal application to the proceeding at bar. The year 1937 is the year with which we are concerned. That is the year in which the petitioner paid the undistributed profits tax for 1936. To the extent that the payment of the tax was in excess and has been refunded, the petitioner is not entitled to the deduction thereof. This is in accordance with the respondent's determination.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

MURDOCK, dissenting: This case further demonstrates the error of the rule established in the *Elliott* case, 45 B. T. A. 82.