Frederick Godfrey v. Commissioner. Ellen Godfrey v. Commissioner.
Godfrey v. Commissioner
Docket Nos. 112212, 112213.
United States Tax Court
1943 Tax Ct. Memo LEXIS 110; 2 T.C.M. (CCH) 792; T.C.M. (RIA) 43424; September 20, 1943
*110 A partnership on an accrual basis held not entitled to deduct the portion of an excise tax that was not assessed in the tax year, for which the partnership denied liability, and which by reason of subsequent settlement was never paid. Lawrence R. Ormiston, Esq., for the petitioners. Henry J. Merry, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: These consolidated proceedings were brought to challenge the determination of income tax deficiences for the fiscal year ended May 31, 1940, as follows: Docket No.
Petitioner
Deficiency
112212
Frederick Godfrey
$1,821.26
112213
Ellen Godfrey
491.70 The sole issue, common to each proceeding, has to do with the proper amount of excise tax that was accruable in the tax year by a partnership of which petitioners were members. The alleged tax was contested by the partnership and the greater part of it was never paid. Petitioners filed their returns in the 21st district of New York at Syracuse, New York. [The Facts] Petitioners, husband and wife, were the only members of a partnership known as Frederick Godfrey Company, engaged in the manufacture, sale and distribution of a liquid preparation *111 and a pomade designed to stimulate the growth of hair on the scalp. The husband had a two-thirds interest and the wife a one-third interest in the partnership. The partnership and petitioners filed their respective returns on the basis of a fiscal year ending May 31, and the partnership kept its books and prepared its return on an accrual basis. The partnership ceased to do business on December 31, 1939. On or about April 22, 1940, a Deputy Collector of Internal Revenue advised the partnership or its representative that he was submitting a report recommending the assessment against the partnership of manufacturer's excise tax, under section 603 of the Revenue Act of 1932 and section 3401 of the Internal Revenue Code, with penalties and interest, as follows: Period
Tax
Penalty
Interest
Total
June 1, 1938 to Feb. 28, 1939
$ 911.45
$ 237.70
$ 73.61
$ 1,222.76
March 1, 1939 to Dec. 31, 1939
8,609.13
2,063.62
320.05
10,992.80 As of December 31, 1939 the partnership entered on its books an accrued liability for manufacturer's excise tax, penalty and interest in the amount of $12,360.08. On June 17, 1940, the partnership filed with the Bureau of Internal Revenue *112 a protest against the proposed assessment. In the protest the proposed assessment was opposed upon the grounds that (1) the products distributed by the partnership were not cosmetics or toilet preparations within the meaning of the statute; (2) if they were cosmetics or toilet preparations, the partnership did not manufacture the major portion thereof but simply purchased it in bulk, bottled and labeled it; and (3) in any event the tax was computed upon an improper basis. During July 1940 there was assessed against the partnership excise tax, with penalties and interest, as follows: Period
Tax
Penalty
Interest
Total
June 1, 1938 to Feb. 28, 1939
$ 911.55
$ 237.70
$ 89.08
$ 1,238.33
Mar 1, 1939 to Dec. 31, 1939
8,609.13
2,063.62
452.56
11,125.31 The amount of the assessment pertaining to the period June 1, 1939 to December 31, 1939 was tax of $6,863.28, penalty of $1,627.16 and interest of $221.96, a total of $8,712.40. On August 7, 1940, a representative of the partnership requested a hearing before the Bureau of Internal Revenue with respect to the excise tax liability and from that date until March 1941 various conferences were held and correspondence *113 was had between representatives of the Bureau and the partnership. As a result of such conferences and correspondence the excise tax liability of the partnership for the calendar years 1938 and 1939 was settled for $3,276.34 of tax, $293.04 of interest and no penalty. The amounts previously assessed were abated and new assessments for the amounts agreed upon were made during March 1941. The agreed amounts were paid by or for the partnership on March 31, 1941. The portions of the amounts paid in accordance with the settlement which pertained to the period from June 1, 1939 to December 31, 1939 were tax of $1,813.89 and interest of $151.98, a total of $1,965.87. On the partnership return for the fiscal year ending May 31, 1940, filed on or about September 14, 1940, there was deducted the sum of $12,360.08, with the explanation "Excise Tax, Penalty & Int. (As Assessed by Fed. Govt.) In Dispute." The respondent allowed a deduction of $1,965.87, the amount of the settlement actually paid which pertained to the taxable year, disallowed the balance of $10,394.21 and correspondingly increased petitioners' distributive shares of the partnership income by the respective amounts of $6,929.47 *114 and $3,464.74. [Opinion] We have here the question of what course to pursue when an amount that has been accrued and deducted by one on the accrual basis turns out later to have been improperly accrued so that it is in fact never paid. The taxpayers insist that the deduction be allowed to stand, though the statute of limitations has not run against correcting the error, and that the subsequent reversal of the accrual be added to income at the later date. The Commissioner would go back and cancel so much of the accrual and deduction as was in fact never paid. In the circumstances of this case the Commissioner is right and petitioners' arguments are answered by the following authorities: Inland Products Co. v. Blair, 31 Fed. (2d) 867, affirming 10 B.T.A. 235; Leach v. Commissioner, 50 Fed. (2d) 371, affirming 16 B.T.A. 781; Bergan, et al. v. Commissioner, 80 Fed. (2d) 89 reversing 31 B.T.A. 526; Stimpson Investment Corp. v. United States, 35 Fed. Supp. 498; Ben Bimberg & Co., Inc. v. Helvering, 126 Fed. (2d) 412, *115 certiorari denied 317 U.S. 641; Dixie Pine Products Co. v. Commissioner, 134 Fed. (2d) 273, affirming 45 B.T.A. 286, petition for certiorari filed June 5, 1943; E. B. Elliott Co., 45 B.T.A. 82, 91; Eckert Packing Co., 42 B.T.A. 1000. There was nothing in the tax year to justify the accrual in the amount claimed by petitioners. The partnership, as subsequent events showed, was not liable for a tax in that amount, no tax had been assessed or formally demanded by the Government, and the firm's position was that it owed no such tax or, if any at all, only a minor portion of it. The figure accrued on the books even included alleged taxes for a period prior to the tax year, for which a deduction in the current year could not be had in any event. Rawlings Manufacturing Co., 44 B.T.A. 161, 165. But as to the total accrual in excess of the true liability, the only justification for it was that a deputy collector had advised the partnership he was recommending the assessment. It so happens that this recommendation *116 was erroneous and the efforts to collect the tax were a mistake. These facts bring the case clearly within the rule of the authorities cited above, and particularly Inland Products Co. v. Blair, supra, and Dixie Pine Products Co. v. Commissioner, supra.The case primarily relied upon by petitioners, Commissioner v. Central United National Bank, 99 Fed. (2d) 568, is distinguishable from this line of cases, as the Court therein stated. The tax accrued there "turned out to be lawful, and the refund was a windfall to the taxpayer * * * The Commissioner could not have cancelled the deduction and was limited to surcharging the income of the later year." Ben Bimberg & Co., Inc. v. Helvering, supra.For this reason the Central United National Bank case is not controlling in the present circumstances. The Commissioner's determination is affirmed. Decisions will be entered for the respondent.