*Decision will be entered under Rule 50.*

HOUBIGANT, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74225. Promulgated December 28, 1934.

*Allen G. Gartner, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for the fiscal year ended June 30, 1931, in the amount of $8,981.71. The amended petition alleges:

(a) The determination of tax set forth in the said notice of deficiency [mailed to the petitioner September 14, 1933] is based upon the following errors: Refunds of customs duties paid during the years 1924 to 1929, inclusive, were received during the taxable year ended June 30, 1931 and the net amount received after lawyers' fees were deducted should not be included as taxable income for the year ended June 30, 1931. Also, the lawyers' fees paid for securing these refunds of customs duties are a proper deduction for the fiscal year ended June 30, 1931.

(b) The petitioner claims a deduction from gross income amounting to approximately $687.29 for the fiscal year here involved representing that part of the uninsured loss attributable to this year resulting from acts of embezzlement committed by one of its employees.

The respondent admits the correctness of the petitioner's contension contained in (b) above, but it is agreed by counsel that the correct amount deductible is $678.29 and not $687.29.

The respondent also admits that the petitioner is entitled to deduct from gross income attorneys' fees paid in the amount of $37,428.12.

During the years 1924 to 1929, inclusive, the petitioner paid certain customs duties under protest, claiming an incorrect classification, and brought suit for refund. In 1929 the Court of Customs Appeals (now United States Court of Customs and Patent Appeals) decided

the case of *United States* v. *Hudnut et al.* (including petitioner), 17 C. C. P. A. (Customs) 207, and held that certain merchandise imported by the petitioner during the years 1924 to 1929, inclusive, was legally dutiable at 50 cents per gross instead of at 55 percent ad valorem. During the fiscal year ended June 30, 1931, the customs duties erroneously collected by the United States in excess of the amount legally due were refunded to the petitioner in the amount of $74,856.24. Under its contract with its attorneys the petitioner was obligated to pay a fee of 50 percent of the amount refunded and during the fiscal year paid to its attorneys $37,428.12 representing such fee.

The petitioner kept its books of account and filed its income tax returns upon the accrual basis.

In its tax return filed September 15, 1931, for the fiscal year ended June 30, 1931, the petitioner included in gross income $37,419.46 representing the net amount of the refund of customs duties received by it. The amount representing attorneys' fees paid in the amount of $37,428.12 was not deducted.

After the aforesaid return was filed petitioner filed a claim with the respondent for a refund of income tax paid for the fiscal year ended June 30, 1931, and the respondent's action thereon resulted in a refund of tax amounting to $8,269.22, based upon the exclusion from gross income of the refund of import duties returned in the amount of $37,419.46 and the inclusion in deductions of the attorneys' fees paid of $37,428.12.

Later, the respondent issued the notice of deficiency from which this appeal is taken, wherein he reversed his previous action on the claim for refund by adding back to net income both of the above amounts representing the refund of import duties and attorneys' fees paid, producing the deficiency herein involved.

Of the total import duties refunded, amounting to $74,856.24, $17,588.91 was applicable to the previous year ended June 30, 1930, and the balance of $57,267.33 was applicable to the years 1924 to 1929, inclusive. All of the duties so refunded were included in the cost of goods sold appearing in the petitioner's tax returns for the proper prior applicable years and the statute of limitations against respondent asserting additional taxes for the years 1924 to 1929, inclusive, had run when the claim for refund of 1931 tax was filed.

It is the petitioner's contention in this proceeding that in its income tax returns for prior fiscal years it erroneously claimed the deduction from gross income of $74,856.24 representing excess customs duties paid for those years; that in adjusting its income tax returns for those years the respondent should have disallowed the deductions of the customs duties illegally collected from it; that the petitioner did

not derive any taxable income from the refunds of the excess customs duties made to it in the fiscal year ended June 30, 1931, in the amount of $74,856.24; and that the fact that the respondent is barred by the statute of limitations from adjusting its income tax returns for the years 1924 to 1929, inclusive, is no ground for holding that the refunds applicable to those years constitute a part of the petitioner's gross income for the fiscal year now under review.

Section 22 (a) of the Revenue Act of 1928 requires the inclusion in gross income of " gains, profits, and income derived  *  *  *  from any source whatever." Section 41 of the same act provides that " the net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer."

The facts in this case show that in the income tax returns filed by the petitioner for the years 1924 to 1930, inclusive, the petitioner claimed and was allowed the deduction of the full amounts of the customs duties paid. They were not allowed under the name of customs duties, but in increased cost of goods purchased by the petitioner. Having been deducted in prior year returns, if they are not taken up in the gross income when recovered, the petitioner clearly, over a series of years, escapes tax upon gains and profits equaling the amount of the customs duties recovered. It can not be presumed that such a result was contemplated by Congress. Furthermore, from any standpoint, the petitioner was enriched by the recoveries of the import duties in the fiscal year ended June 30, 1931. The argument that the income received from this source is exempt from tax has no support in the law.

In *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, it was held that under the income tax laws each tax year stands by itself and that a taxpayer is required to return in each year the full amount of its gross income even though that amount might represent a recovery of amounts paid out by it and deducted as expenses in prior years. It has also been held in a long line of cases that where a debt is ascertained to be worthless and deducted from gross income in one year and is collected in part in a later year the amount collected in the later year must be returned as income. *Hartford Hat & Cap Co.*, 7 B. T. A. 714; *Excelsior Printing Co.*, 16 B. T. A. 886; *Iberville Wholesale Grocery Co., Ltd.*, 17 B. T. A. 235; *Carr* v. *Commissioner*, 28 Fed. (2d) 551, affirming 6 B. T. A. 541; *Davidson Grocery Co.* v. *Lucas*, 37 Fed. (2d) 806; *Putnam National Bank* v. *Commissioner*, 50 Fed. (2d) 158, affirming 20 B. T. A. 45; *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320, reversing 14 B. T. A. 1428. It has also been held that checks given for valid claims allowed as deductions in the year issued but uncashed at

the end of two years and credited to profit and loss were taxable income when credited back. *Chicago, Rock Island & Pacific Railway Co.* v. *Commissioner*, 47 Fed. (2d) 990, affirming 13 B. T. A. 988; *Charleston & Western Carolina Railway Co.* v. *Burnet*, 50 Fed. (2d) 342, affirming 17 B. T. A. 569; *Chicago & North Western Railway Co.*, 22 B. T. A. 1407; *Atlantic Coast Line Railroad Co.*, 23 B. T. A. 888. It has also been held that where losses resulting from fire were deducted by a corporation, insurance subsequently received represented taxable income, *Cooper* v. *United States*, 9 Fed. (2d) 216; and that back railway mail pay for transporting United States mail in 1916 and 1917 received by a railroad company in 1920 and taken up on its books of account as income in that year constituted taxable income of 1920, thereby overruling earlier opinions to the contrary. *International-Great Northern Railroad Co.*, 24 B. T. A. 726. In accordance with the plain terms of the statute and the legal principles established by the above cited cases, it must be held that the customs duties refunded to the petitioner in the fiscal year ended June 30, 1931, in the amount of $74,856.24 constituted a part of petitioner's gross income for that year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*