CHARLES W. NASH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81414. Promulgated June 5, 1936.

*Claude M. Houchins, Esq.,* and *John E. Walker, Esq.,* for the petitioner.

*Chester A. Gwinn, Esq.,* for the respondent.

### OPINION.

LEECH: The petitioner seeks a redetermination of a deficiency in income tax of $12,715.32 for the year 1932, and, in addition, claims that he made an overpayment of income tax for that year in the amount of $27,472.06.

The facts have been stipulated in writing and are adopted by us as our findings of fact, as follows:

1. The petitioner is an individual whose residence was and is at 6221 Third Avenue, Kenosha, Wisconsin. For all years herein material, including the calendar year 1932, the petitioner kept his books and made his Federal income tax returns and his income tax returns to the State of Wisconsin on a cash receipts and payments basis.

2. Prior to the year 1926 and at all times since, the petitioner was and now is married and living with his wife.

3. For all the years herein material, the petitioner filed his Federal income tax returns as required by law and likewise filed his State income tax returns with the State of Wisconsin as required by the laws of that State.

4. Pursuant to a provision in the State income tax law imposing upon the petitioner a tax based upon and measured by the income of his wife, the State of Wisconsin assessed against and collected from him for the years 1926 to 1931, inclusive, taxes aggregating $81,346.50. The petitioner paid the aforesaid taxes to the State of Wisconsin for the above named years and deducted the amounts so paid in his Federal income tax returns for those years.

5. In November, 1931, the Supreme Court of the United States held to be unconstitutional the law under which the State of Wisconsin assessed and collected the said taxes of $81,346.50 from the petitioner for the aforesaid years.

6. In the year 1932, the State of Wisconsin refunded to the petitioner the aforesaid taxes aggregating $81,346.50 plus interest thereon of $20,420.76, which amounts the petitioner treated in his Federal income tax return as income received by him in that year.

7. In the year 1935, the Commissioner of Internal Revenue upon audit of petitioner's Federal income tax return for the year 1932, made certain adjustments, not contested herein, resulting in the deficiency herein of $12,715.32.

8. At the time the petition for review in this proceeding was filed, the Statute of Limitations had barred further assessment or collection of additional taxes for the years 1926 to 1931, inclusive.

The record discloses the controversy arose in this manner. Petitioner paid the Wisconsin income tax for the years 1926 to 1931, both inclusive, and was allowed deductions therefor in making his Federal income tax returns.

After receiving the refund from the State of Wisconsin in 1932 of the taxes in the amount of $81,346.50 with interest of $20,420.76, the entire amount of $101,370.06 was returned by the petitioner in his 1932 return for Federal income tax as taxable income and he paid the tax thereon.

Subsequently the respondent audited petitioner's return and determined a deficiency of $12,715.32 from adjustments not contested in this proceeding. After receipt of the deficiency notice petitioner filed the petition herein and, for the first time, claimed that the refund of $81,346.50 made to him by the State of Wisconsin did not constitute income to him, and that the inclusion of it in his taxable income resulted in an overpayment of taxes in the sum of $27,472.06. No question is raised relative to the inclusion of the $20,420.76 interest in income for 1932 and it is admitted that this was proper.

The respondent entered a general denial in his original answer. By an amended answer he pleaded that the petitioner, by reason of taking deductions in the years 1926 to 1931, both inclusive, and returning the refund for taxation in 1932, was now estopped to change his position after limitation has run as to the years when the deductions were taken.

Petitioner contends the amount of the principal of the refund was not taxable income for the year of its receipt.

If we assume that there was no legal right to the original deduction of the principal refunded when paid as taxes, there might be no present authority to tax the refund as income—particularly, if

the refund had occurred before petitioner's tax liability for the year of the deduction had been definitely closed. *Inland Products Co.* v. *Blair,* 31 Fed. (2d) 867, affirming 10 B. T. A. 235; *Leach* v. *Commissioner,* 50 Fed. (2d) 371, affirming 16 B. T. A. 781.

However, the present record will not follow that assumption. This Board has decided amounts paid the State of Wisconsin as taxes imposed under the very statute under which the refunded taxes here were levied, were deductible, largely upon the theory that they were taxes paid. *Charles F. Fawsett,* 30 B. T. A. 908. And, if not deductible as taxes, they were so as losses or ordinary and necessary expenses. *E. L. Bruce Co.,* 19 B. T. A. 777.

True, there was no refund in either of those cases as is disclosed here, but that circumstance does not here change the character of the disbursement when made.

We conclude the present refunded payments to the State of Wisconsin were deductible from gross income for the years when paid.

Since that is true, the refund of those amounts constitutes taxable income for the year when received. *Chevy Chase Land Co.,* 34 B. T. A. 150; *Central United National Bank,* 33 B. T. A. 588; *Houbigant, Inc.,* 31 B. T. A. 954. Cf. *Burnet* v. *Sanford & Brooks Co.,* 282 U. S. 359.

*Decision will be entered for the respondent.*