## NASH v. COMMISSIONER OF INTERNAL REVENUE. *

### No. 6005.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1937.

Claude M. Houchins, of Washington, D. C., for petitioner.

*Rehearing denied March 4, 1937.  Writ of certiorari denied 57 S.Ct. 930, 81 L.Ed. —.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Petitioner, the taxpayer, raises this question: Does the refund of a state income tax theretofore unconstitutionally exacted, the annual amount of which was deducted by the taxpayer in his Federal income tax return, constitute income for Federal tax purposes in the year in which it is refunded?

The facts: Petitioner, pursuant to the Wisconsin state income tax law, paid $81,346.50 income taxes upon his wife's income during the years 1926 to 1931. He deducted these payments in his Federal tax returns. In 1931, the United States Supreme Court held the state tax enactment to be unconstitutional as to the particular provision involved (Hoeper v. Tax Comm., 284 U.S. 206, 52 S.Ct. 120, 76 L.Ed. 248), and the State of Wisconsin in 1932 refunded to Mr. Nash $81,346.50 (the sum in dispute) and $20,420.76, interest. The interest item is conceded by petitioner to be taxable and is therefore not before us. Further assessment of Federal taxes for the years 1926 to 1931, to correct the assessments for those years, is barred by the statute of limitations.

Petitioner paid his income taxes for the year 1932 with this item of $81,346.50 included in his income; hence the form of this proceeding is a claim for refund, being in excess of a deficiency assessed and not here in issue. The Board included the $81,346.50 in petitioner's 1932 income. Petitioner made his return on the cash receipts and disbursement basis.

Petitioner argues that the refund does not constitute income as defined in section 22 (a), Revenue Act of 1932 (26 U.S.C.A. § 22 and note),[1] or the Regulations.[2]

It is the Commissioner's contention that a refund resulting from the return of taxes previously paid under a mistaken view of the validity of a state tax is taxable income. Reliance for this view is placed on Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Chicago, R. I. & P. Ry. Co. v. Commissioner (C.C.A.) 47 F.(2d) 990; Houbigant, Inc. v. Commissioner, 31 B.T.A. 954, affirmed (C.C.A.) 80 F.(2d) 1012.

We accept the views expressed in these opinions.

The order of the Board of Tax Appeals is affirmed.

---

[1] Section 22 (a), Revenue Act of 1932: "(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

[2] Article 41 (a), Regulations 77; "(a) Income (in the broad sense), meaning all wealth which flows in to the taxpayer other than as a mere return of capital. It includes the forms of income specifically described as gains and profits, including gains derived from the sale or other disposition of capital assets. * * *"

Article 51, Regulations 77: "Gross income includes, in general, compensation for personal and professional services, business income, profits from sales of and dealings in property, interest, rent, dividends, and gains, profits, and income derived from any source whatever. * * * In general, income is the gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets. * * *"