Central Loan and Investment Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 82565.    Promulgated May 24, 1939.

*Thomas B. Roberts, Esq.*, and *Charles P. M. Allen, C. P. A.*, for the petitioner.

*Hugh Brewster, Esq.*, and *A. M. Wilding-White, Esq.*, for the respondent.

#### OPINION.

Mellott: The Commissioner determined a deficiency in petitioner's income tax for the year 1932 in the amount of $4,346.05. The sole question is: "Must $121,499.56, received by petitioner as a refund of state taxes paid by its predecessor in prior years, be included in its gross income?"

We find the facts to be as stipulated. Briefly, they are as follows:

Petitioner, an Iowa corporation, was formed in 1929 for the purpose of liquidating the assets received by it in a nontaxable reorganization from its predecessor, the Central Trust Co. One of the assets consisted of a claim against Polk County, Iowa, for a refund

of taxes paid under protest in 1921, 1922, and 1923. Petitioner and its predecessor each kept its books and made its income tax returns on the basis of cash receipts and disbursements. A portion of the taxes paid in each of the years was ultimately determined by the courts to be refundable and in 1932 petitioner received $121,499.56 from Polk County. This amount was shown in its income tax return for that year but was not included in gross income. The taxes paid, the portion refunded, the portion which resulted in a benefit to the taxpayer in the year paid, and the portion which did not result in any benefit to it are as shown in the following schedule:

| Year paid | Amount paid | Amount resulting in benefit | Amount not resulting in benefit | Amount refunded in 1932 |
|---|---|---|---|---|
| 1921 | $32,486.44 | $32,486.44 | | $27,313.49 |
| 1922 | 57,809.18 | 57,809.18 | | 48,996.81 |
| 1923 | 53,411.73 | | $53,411.73 | 45,180.26 |
| Total | 143,707.35 | 90,295.62 | 53,411.73 | 121,499.56 |

Both parties concede that the taxpayer had the full benefit of the deduction from gross income of the amount paid in 1922 in that said deduction decreased its Federal income taxes for that year. They differ as to the interpretation to be placed upon the facts stipulated with reference to the other years, petitioner contending that they show no benefit was derived from the deduction claimed in either 1921 or 1923 and respondent contending that no such inference can be drawn and that therefore the question should be resolved on the assumption that actual benefit was derived in each of the years.

A careful analysis of the stipulation convinces us that no benefit was derived by the taxpayer from the deduction in 1923. The gross income appears to have been only $281,166.82 while the net result of the operations for the year appears to have been a loss of $1,142,-116.26. As to the year 1921 the operations appear to have resulted in a loss of $19,809.95 after the deduction of $32,486.44 for taxes, $27,313.49 of which was refunded during the taxable year. We are at a loss to understand why the parties did not see fit to put the income tax returns in evidence; for without the information which they contain it is difficult to ascertain whether, as contended by petitioner upon brief, "they would have shown a substantial loss without the benefit of any deduction for said taxes" or whether, as contended by respondent, they would have shown an income subject to tax in excess of the income as disclosed by the balance sheet after due consideration had been given to the fact that some of the deductions shown on the balance sheet may not have been allowable

in, computing taxable income. In this state of the record we think it must be assumed, for the purposes of this proceeding, that full benefit of the deduction was derived in the year 1921. We have made such assumption in preparing the above schedule.

The adjustments made by the Commissioner, which resulted in the deficiency for the year in issue, may be summarized as follows:

| | |
|---|---:|
| Net income (loss) shown on return | ($50,426.68) |
| Add: ($121,499.56 refund of taxes, $94.46 not in issue, less deductions concededly correct $4,680.86)—net addition to income | 116,913.16 |
| Adjusted net income | 66,486.48 |
| Less statutory net loss from 1931 | 34,878.83 |
| Balance subject to tax | 31,607.65 |

It is apparent that there will be no deficiency in tax if only the amounts representing refunds of taxes paid in the years 1921 and 1922 are included in gross income for the year 1932. The issue may be resolved, therefore by determining whether or not the amount representing a refund of the taxes paid in 1923 should be included.

Numerous cases have been decided by the courts and this Board involving the general question of the inclusion in gross income of amounts representing recoveries by a taxpayer of amounts previously deducted from income for losses, expenses, bad debts, taxes, etc. The leading case is *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; but many others are set out in the recent Board case of *Estate of William H. Block*, 39 B. T. A. 338. Collectively they enunciate and apply the rule that where "the amount recovered had been deducted previously to offset income, it should be reported as a part of gross income for the year in which it was recovered." The reason for the rule is stated thus:

Income tax liability must be determined for annual periods on the basis of facts as they existed in each period. When recovery or some other event which is inconsistent with what has been done in the past occurs, adjustment must be made in reporting income for the year in which the change occurs. No other system would be practical in view of the statute of limitations, the obvious administrative difficulties involved, and the lack of finality in income tax liability, which would result.

Cf. *Dixie Margarine Co.*, 38 B. T. A. 471, and *Charles W. Nash*, 34 B. T. A. 675; affd., 88 Fed. (2d) 477.

Respondent argues that the question of benefit is immaterial and says that "if the taxes were deductible but were not deducted, that omission can not be given any consideration in the year of refund, or at all, after the statute of limitations has run against the taxpayer, without in effect circumventing the statute of limitations." We do not agree with this contention. If the deduction has not

been claimed in a prior year the rule is not applicable. Its basis is that there has been a recovery of some amount "deducted previously to offset income." While the question of actual benefit may not heretofore have been made a prerequisite to the inclusion in gross income of the amount recovered, inferentially it has been a controlling factor. Thus, in *Houbigant, Inc.*, 31 B. T. A. 954; affd., 80 Fed. (2d) 1012; certiorari denied, 298 U. S. 669, in holding that the amount recovered as a refund of customs duties must be included in income, it was pointed out that the taxpayer had claimed and been allowed "the deduction of the full amounts" in computing its taxable income for the prior years. In *Victoria Paper Mills Co.*, 32 B. T. A. 666; affd., 83 Fed. (2d) 1022, it was said that "since the amount received on the judgments * * * represented a refund of taxes for prior years which had been deducted * * * in its income taxes for those years, the entire amount * * * is taxable to the petitioner" in the year received; while in *Chevy Chase Land Co.*, 34 B. T. A. 150, it was said "If * * * the refunds * * * represent * * * payments in prior years, for which it received credit in computing net income, then the refund constitutes taxable income to petitioner." Cf. *Grace M. Barnett*, 39 B. T. A. 864. We think it is very material that no actual benefit was derived by the taxpayer through a deduction from its gross income in the year 1923 of the taxes paid in that year. If such amount was not deducted to offset income, as the facts indicate and as we have found, then the amount received in the taxable year should not be included in gross income for that year.

Respondent's contention that the taxability of the refund should be made dependent upon whether the saving in tax in the year the deduction was claimed equals or exceeds the tax assessed in the year the refund is made is likewise unsound. While it may be true that this particular taxpayer effected a saving in tax in the year 1922 in excess of the amount of the present deficiency, the next case coming before us may present an entirely different picture. To apply any such test as that suggested would abrogate or circumvent the statute of limitations far more than to apply the rule of the cited cases.

The view which we have taken accords with the view expressed by the General Counsel of the Treasury Department in G. C. M. 18525, C. B. 1937-1, p. 80, and G. C. M 20854, 1939 Int. Rev. Bul. No. 9, p. 2, on a question somewhat analogous, namely, a bad debt. Therein it is stated that the amount subsequently collected on account of a bad debt is not required to be included in gross income for the year of receipt unless it had been allowed as a deduction for income tax purposes in whole or in part in a prior year.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*