WALTER M. MARSTON AND ELIZABETH C. MARSTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM E. JONES AND LILLIAN D. JONES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF GORDON DONALD, MALCOLM DONALD, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 95064, 95801, 95802. Promulgated April 16, 1940.

848

*Frank L. Warfield, Esq.*, for petitioners in Docket No. 95064.

*Harold L. Clark, Esq.*, for petitioners in Docket Nos. 95801 and 95802.

*C. P. Reilly, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined the following deficiencies in income tax for the calendar year 1935:

| Petitioner | DocketNo. | Amount |
| --- | --- | --- |
| Walter M. and Elizabeth C. Marston | 95064 | $4,162.97 |
| William E. and Lillian D. Jones | 95801 | 11,774.14 |
| Estate of Gordon Donald | 95802 | 1,210.89 |

Two issues are common to all three proceedings. Each petitioner alleges that the Commissioner erred in including in his income for 1935 the amount which he received in that year as a refund of the 1917 excess profits taxes of a partnership. The Commissioner alleges that if the amounts which he included were not income for 1935, then he erred in allowing each petitioner to deduct his share of the legal expenses incurred in recovering the refund. The petitioner in the Donald case also assigns as error the action of the Commissioner in including in income for 1935 interest on the refund accrued to the date of death of Donald. The facts in each case have been stipulated. The Board hereby adopts the stipulation in each case as its findings of fact.

Marston, Jones, and Donald were all members of a partnership from April 15, 1917, until the date of Donald's death in 1922. The partnership paid excess profits taxes for 1917. Those excess profits taxes were deducted in computing the distributive share of each partner in the net income of the partnership. The distributive share of each partner, as thus computed, was included in his income for 1917. The income of the partners was not further reduced by any portion of the excess profits taxes for 1917 paid by the partnership. The income tax liability of the individual partners for 1917 was

settled on the basis just described and the statute of limitations has long since run against any increase or decrease in their tax for 1917.

The Commissioner thereafter determined that the partnership had overpaid its 1917 excess profits taxes by $107,545.01. He refunded $31,772.12 and interest thereon in June 1927, but he refused to refund the balance of $75,772.89 and interest thereon, for the reason that any refund of that amount was barred by the statute of limitations. The partners then brought suit in the United States Court of Claims to recover the overpayment of $75,772.89 and interest. They won that suit and the amount of the tax, plus interest thereon to January 30, 1935, in the amount of $73,426.70, was returned to the partnership in 1935. The partnership made distribution after allowing for expenses of the suit.

Marston and Jones reported the full amount of their shares of the interest, before deducting the expenses, and claimed their shares of the expenses as a deduction on their returns for 1935. Donald's executor reported that part of his share of the interest recovered which represented interest accrued on the refund from the date of Donald's death and claimed as a deduction for expenses only that part of Donald's share of the expenses applicable to the part of the interest returned as income. None of the petitioners returned as income for 1935 any part of the amount received by the partnership as a refund of excess profits taxes. The Commissioner, in determining the deficiencies, included in the income of each petitioner his entire share of the refund and interest and allowed each a deduction for his full share of the expenses.

The parties agree that a tax, paid in one year and later recovered, may be included in income of the year of recovery only in case the deduction of the erroneous amount of the tax for the earlier year resulted in the taxpayer paying less income tax for that year than he would have paid if the correct amount of the tax had been used properly in the computation of his taxable income. *Houbigant, Inc.*, 31 B. T. A. 954; affd., 80 Fed. (2d) 1112; certiorari denied, 298 U. S. 669; *Estate of William H. Block*, 39 B. T. A. 338; *Central Loan & Investment Co.*, 39 B. T. A. 981; *Chevy Chase Land Co.*, 34 B. T. A. 150; *Charles W. Nash*, 34 B. T. A. 675; affd., 88 Fed. (2d) 477; *Dixie Margarine Co.*, 38 B. T. A. 471. Cf. *Grace M. Barnett*, 39 B. T. A. 864. They disagree, however, on the question of whether these taxpayers paid less tax for 1917 than they owed, using the correct excess profits tax liability of the partnership for 1917.

The Commissioner points out that the larger erroneous amount of excess profits tax of the partnership for 1917 was deducted in computing each partner's distributive share of the net income of the partnership. He argues that the smaller correct amount should

have been deducted once in computing their tax liability for that year; the partners owe additional tax for 1917 which has long since been barred by the statute of limitations; and, therefore, it is proper to include the entire amount of the refund and interest in their income for 1935. The petitioners admit that they received the benefit, as the Commissioner contends, but rely upon the case of *Reid* v. *Rafferty*, 15 Fed. (2d) 264, as authority for the proposition that "the excess profits taxes paid by the partnership were deductible twice." If they were entitled to deduct the correct partnership tax twice they overpaid their individual tax for 1917.

The *Reid* case was decided by the Circuit Court of Appeals for the Second Circuit in 1926. Reid was a member of two partnerships which paid excess profits taxes for 1917. Those taxes were deducted from the income of the partnership in determining his distributive share of the net income of the parnership which he reported on his return, but on that return he claimed credit, in the form of a deduction from income, for his proportionate share of the excess profits tax imposed upon the partnership in accordance with section 1211 of the Revenue Act of 1917, amending section 29 of the Revenue Act of 1916. The Commissioner disallowed the credit and collected the additional taxes. Reid sued to recover. The District Court held for the Commissioner, stating that Congress did not intend to allow an individual a double credit if his income was derived in part from a partnership, while to another, whose income arose from his own business, only one credit was permitted. The Circuit Court paid little or no attention to the fact that the taxes had been deducted in computing Reid's distributive share of the net income of the corporation, directed its attention to the specific provision allowing the individual partner a credit for his proportionate part of the taxes, and, reversing the lower court, held for Reid. The effect of the decision was, of course, that the portion of the excess profits taxes paid by the partnership allocable to Reid's interest in the partnership was deducted twice in determining his individual income tax liability. The petitioners in the present case point out that, inasmuch as they did not get this double benefit, they have overpaid their taxes for 1917. The Commissioner argues that they were not entitled to any such double benefit, the *Reid* case was incorrectly decided, and it should not be regarded as a proper authority in the decision of the present case.

Certiorari was not applied for in the *Reid* case. The Commissioner called attention to the decision in T. D. 3971, but never indicated in any published ruling that he acquiesced in it or intended to follow it. It does not appear that he ever interpreted the decision as requiring the allowance of a double benefit to partners. G. C. M. 13609, ap-

proved by the Commissioner August 31, 1934, states that the Commissioner decided in February 1934 to defend all cases raising the question decided adversely to the Government in the *Reid* case. The references to the *Reid* case in *New York Trust Co.* v. *United States*, 87 Fed. (2d) 889; *Johnson* v. *United States*, 1 Fed. Supp. 778; and *Seiberling* v. *United States*, 22 Fed. Supp. 397, are merely statements that the case held that a partner's net income must be credited with his share of the 1917 excess profits taxes imposed upon his partnership. Our attention has been called to no case in which the *Reid* case was relied upon in the decision of the case. Judge Littleton, of the Court of Claims, in a concurring opinion in *Carver* v. *United States*, 27 Fed. Supp. 608, expressed disapproval of the *Reid* case and said "that the Revenue Act of 1917 authorized and allowed only one deduction of the excess profits tax of the partnership in determining the distributable income of partnership taxable to the partners." The Supreme Court, in the case of *Ilfeld* v. *Hernandez*, 292 U. S. 62, in discussing a claim involving a double deduction of losses, stated that, in the absence of a statutory provision definitely requiring it, a purpose so opposed to precedent and equality of treatment of taxpayers will not be attributed to lawmakers.

We think that the partners, in computing their individual income tax liability for 1917, were not entitled to benefit more than once from their proportionate share of the excess profits taxes paid by their partnership for 1917. This conclusion removes the entire foundation of all of the petitioners' arguments on this point. They received for 1917 a benefit by deducting the taxes which were returned to them in 1935. They were not entitled to that benefit and, therefore, following the decisions already cited, the refund was income for 1935. This conclusion makes it unnecessary to consider the Commissioner's contention which he made only as an alternative in case the Board held against him on the first point.

The only issue remaining for decision is that in the case of the estate of Gordon Donald. The petitioner there contends that interest on the award up to the date of the death of Donald was a capital asset of the estate and can not be income when captured in 1935. He might as well have made the same contention in regard to the principal of the award. However, the evidence fails to show that any asset representing the interest or principal of the claim was taken into the estate as a capital asset. The facts indicate, on the contrary that not until a number of years after Donald died was it reasonable to expect that such a refund might ultimately be recovered. We find no merit in this contention of the petitioner.

Reviewed by the Board.

*Decision will be entered under Rule 50.*