**STIMPSON INV. CORPORATION v. UNITED STATES.**

No. 7258.

District Court, D. Massachusetts.

Nov. 4, 1940.

Hale & Dorr and George H. B. Green, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keife Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is a suit to recover taxes alleged to be illegally assessed and collected for the year 1932.

### Findings of Fact.

The facts are incorporated in a stipulation and as they appear therein they are adopted by me as my findings of fact. They are as follows:

The petitioner, Stimpson Investment Corporation, is a corporation organized and existing under the laws of Massachusetts. It has at the present time and at all times material to the issues of this case had its principal place of business in Cambridge, Massachusetts.

On or before March 15, 1933, the petitioner filed its tax return of 1932 income with the Collector of Internal Revenue at Boston. In said return the petitioner reported its income from all sources taxable under the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 482 et seq. Its books and records were kept on the "accrual basis", so-called, and its fiscal year was the calendar year. Its return was made on the "accrual basis" and covered the calendar year 1932. The return showed a loss from operations for the year and no tax due under said Act. Subsequently, and before the statute of limitations had run, the Commissioner of Internal Revenue redetermined the tax liability of the taxpayer to be $481.07 and assessed a deficiency. The petitioner paid the tax, with interest, on July 10, 1935. Claim for refund was filed, disallowed, and this suit was seasonably brought.

As of April 1, 1932, the petitioner was assessed a tax by the City of Cambridge, Massachusetts, of $42,129 upon real estate owned by it, and the tax was paid by the petitioner on October 28, 1932. After the end of the taxable calendar year 1932, the petitioner on March 29, 1933 filed an application for abatement of the said tax with the City of Cambridge, the basis of said application being that the properties

on which said tax was assessed were overruled by the City Assessors. Subsequently, said tax was abated in the amount of $3,106.20 and a refund check for said amount was received by the petitioner on June 24, 1933. The petitioner treated this sum of $3,106.20 as income of the calendar year 1933 and so reported it in its tax return filed with the Collector for the year 1933. The return for the year 1933 showed no net income and no tax due.

The Commissioner determined that the sum of $3,106.20 was an adjustment of 1932 taxes and reduced such taxes deductible in 1932 by said amount.

The statute involved is the Revenue Act of 1932, Sections 23 and 275, 26 U.S.C.A. Int.Rev.Acts, pages 489, 565.[1]

The sole issue involved is whether the determination by the Commissioner was correct with respect to what amount the taxpayer was entitled to deduct from its gross income of 1932 as real estate taxes due from it to the City of Cambridge.

### Conclusions.

It will be noted that the two-year period described by Section 275 of the Revenue Act of 1932 had not expired when the Commissioner adjusted the 1932 return and corrected a mistake made by the taxpayer and the City of Cambridge. The result then obtained was that the assessment for taxes for the year 1932 was based upon the taxpayer's correct income.

There is little need for any lengthy discussion. The instant case is within the doctrine laid down in the cases of Bergan et al. v. Commissioner of Internal Revenue, 2 Cir., 80 F.2d 89, Leach v. Commissioner of Internal Revenue, 1 Cir., 50 F. 2d 371, and Inland Products Co. v. Blair, 4 Cir., 31 F.2d 867. In the Leach case, decided in this circuit, as here, there was an erroneous assessment and overpayment of taxes. The only difference between the Leach case and the facts involved here is that the taxes were paid to the City of Cambridge rather than to the United States Government. Whatever impracticability is involved in this doctrine, I am constrained to follow the doctrine of the latter case which may be, as the petitioner contends, an exception to the rule laid down in Burnet v. Sanford & Brooks Company, 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383, with respect to losses and that in Commissioner of Internal Revenue v. Liberty Bank & Trust Company, 6 Cir., 59 F.2d 320 and Kahn v. Commissioner of Internal Revenue, 2 Cir., 108 F.2d 748 with respect to bad debts.

The case of Commissioner of Internal Revenue v. Central United National Bank, 6 Cir., 99 F.2d 568, cited by the respondent, can be distinguished from the Leach case, supra, for the reasons stated in the case itself. The tax involved in that case was a valid tax properly assessed. That is not the case here. Houbigant, Inc. v. Commissioner of Internal Revenue, 31 B. T.A. 954, affirmed, 2 Cir., 80 F.2d 1012, and Nash v. Commissioner of Internal Revenue, 7 Cir., 88 F.2d 477, also cited by the petitioner, are not applicable for the reason that in those cases the statute of limitations had run and the courts relied in its decisions on the case of Burnet v. Sanford & Brooks Company, supra.

It is my conclusion that judgment be entered for the respondent, with costs.

---

[1] "§ 23.  *Deductions from Gross Income*

"In computing net income there shall be allowed as deductions: * * *

"(c) *Taxes Generally.*  Taxes paid or accrued within the taxable year, * * *."

§ 275.  *Period of Limitation upon Assessment and Collection*

"Except as provided in section 276—

"(a) *General Rule.*  The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *"