STATE-PLANTERS BANK & TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105254. Promulgated November 7, 1941.

*Robert J. Heberle, Esq.*, and *Guy M. Scott, C. P. A.*, for the petitioner.

*Chester A. Gwinn, Esq.*, and *L. W. Creason, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The respondent determined deficiencies in the income and excess profits taxes of petitioner for the taxable year 1939 in the respective amounts of $13,040.34 and $2,479.93. Petitioner contends that respondent erred in including in its income amounts recovered on bad debts charged off during the taxable years 1931 to 1938, inclusive.

Petitioner is a corporation, duly organized and existing under the laws of the State of Virginia, with its principal office at 900 East Main Street, Richmond, Virginia. The taxes in question are income and excess profits taxes for the calendar year 1939.

The following facts were stipulated:

1. The issue raised by the pleadings in this case is whether or not the sum of $75,667.89 should be included in the petitioner's taxable income for the calendar year 1939.

2. The petitioner concedes that $120 of said amount should be included in petitioner's taxable income for the calendar year 1939.

3. The balance of $75,547.89 constitutes recoveries made in 1939 on debts charged off and deducted by the petitioner on its income tax returns for and during the years 1931 to 1938, inclusive, as shown by the following schedule:

| Year | Adjusted net income (or loss) reported for normal income tax purposes after deductions for bad debts | Recoveries in 1939 on amounts charged off and deducted as bad debts in prior years | Year | Adjusted net income (or loss) reported for normal income tax purposes after deductions for bad debts | Recoveries in 1939 on amounts charged off and deducted as bad debts in prior years |
|---|---|---|---|---|---|
| 1931 | $300,796.19 | $1,599.85 | 1936 | $6,675.60 | $707.39 |
| 1932 | 209,755.20 | 1,180.08 | 1937 | 1,096.01 | 29.75 |
| 1933 | 157,848.07 | 40,600.00 | 1938 | 13,010.83 | 177.67 |
| 1934 | 866,064.79 | 30,564.65 | | | |
| 1935 | 36,032.61 | 688.50 | Total | | $75,547.89 |

4. The amounts shown as adjusted net income (or loss) for the years 1937 and 1938 in column No. 2 above do not include recoveries in 1937 and 1938 in the amounts of $42,898.32 and $31,946.21, respectively, of bad debts which were charged off and deducted by the petitioner on its income tax returns for years prior thereto. Also the amounts appearing in said column No. 2 above for the years 1936, 1937, and 1938 were determined after applying credits in the amounts of $51,899.09 and $11,280.99 for dividends received during the years 1936 and 1937, respectively, and in the amounts of $11,092.18, $4,403.69, and $73,420.90 on account of interest received on United States Treasury bonds in excess of $5,000 during the years 1936, 1937, and 1938, respectively.

The only question for decision is the taxability of amounts recovered on items charged off and deducted during prior years as debts ascertained to be worthless. We have held that amounts so recovered must be included in income during the year of recovery only to the extent that the taxpayer received a tax benefit from the prior deduction. *National Bank of Commerce of Seattle*, 40 B. T. A. 72; affirmed on another issue, 115 Fed. (2d) 875; see *Hurd Millwork Corporation*, 44 B. T. A. 786; *Amsco-Wire Products Corporation*, 44 B. T. A. 717; *Walter M. Marston*, 41 B. T. A. 847; *Central Loan & Investment Co.*, 39 B. T. A. 981.

The chief difficulty in this case occurs by reason of the stipulation that of the bad debt deductions taken in earlier years, $42,898.32 was recovered in 1937 and $31,946.21 was recovered in 1938. The years in which these amounts had been deducted are not shown. The losses sustained in the years 1931, 1932, 1933, and 1934 were so great, however, that the total of $74,844.53 recovered in 1937 and 1938 could not have equaled the deductions taken in any of the four years. Thus no tax benefit could have been received. As to these years we conclude petitioner has shown it received no tax benefit.

As to the years 1935, 1936, and 1937, the converse is true. The amounts shown as losses were smaller than the recoveries in 1937 and 1938. If the recoveries relate in part to these years, petitioner received a tax benefit in some amount. At any rate it has not proven the contrary. To the extent of the amounts charged off and deducted in these years respondent correctly added the same to income. While the recoveries in 1938 were larger than the deductions, we can not assume that these recoveries in 1938 related to bad debt deductions of the same year.

*Decision will be entered under Rule 50.*