Shenandoah Valley National Bank v. Commissioner.
Shenandoah Valley Natl. Bank v. Commissioner
Docket No. 107829.
United States Tax Court
1942 Tax Ct. Memo LEXIS 113; 1 T.C.M. (CCH) 12; T.C.M. (RIA) 42570; October 28, 1942
*113 John F. Greaney, Esq., Earle Bldg., Washington, D.C., for the petitioner. L. W. Creason, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: This proceeding involves a deficiency of $2,967.56 in petitioner's income tax for 1939. The questions for determination are (1) whether petitioner is taxable in 1939 on amounts collected in that year on accounts charged off in its books and deducted in its income tax returns in the prior years 1931 to 1935, inclusive; (2) whether petitioner is taxable in 1939 on amounts received in that year on bonds which it had charged off as worthless in its books, but not in its income tax returns, in prior years; and (3) whether petitioner is entitled to a deduction in 1939 of the unrecovered portion of its investment in certain bonds which it alleges became worthless in that year. Most of the facts pertaining to the above issues have been stipulated and we find the facts as stated in the written stipulation. The petitioner is a banking corporation located at Winchester, Virginia. It filed its income tax return for 1939 with the collector of internal revenue for the district of Virginia. As to the first issue the material facts are as follows: *114 In its income tax returns for the years 1931 to 1935, inclusive, the petitioner charged off certain amounts as bad debts and in 1939 it recovered a portion of the amounts previously charged off. All of such returns except the 1931 return showed net losses. The 1931 return showed net income. The following table shows the gross income reported, total deductions, bad debts, and recoveries for the years 1931 to 1935, inclusive.. Year
Gross Income
Total Deductions
Bad Debts
Recoveries
1931
$201,429.00
$174,199.38
$ 13,313.60
$ 116.00
1932
179,192.17
393,145.41
242,513.85
138.50
1933
158,796.82
436,779.82
286,668.25
2,693.12
1934
190,464.66
212,199.28
64,297.30
3,409.21
1935
180,329.55
255,352.24
126,378.28
6,855.30
It has been held in a number of cases that recoveries of bad debts charged off in the returns of prior years are taxable in the year of receipt only if, and to the extent that, the bad debt deductions previously taken effected a tax reduction or resulted in a tax benefit in such prior years. See Estate of William H. Block, 39 B.T.A. 338; Central Loan & Investment Co., 39 B.T.A. 981; *115 National Bank of Commerce of Seattle, 40 B.T.A. 72; affd., 115 F.2d 875; State-Planters Bank & Trust Co., 45 B.T.A. 630. The petitioner conceded at the hearing of this proceeding that the amount of $116 which it recovered in 1939 from bad debts charged off in its 1931 return, in which year it reported a net income, is taxable in its 1939 return. On authority of the cases cited above we hold that the balance of the amount of $13,212.13, representing recoveries of bad debts taken in the years 1932 to 1935, inclusive, when petitioner had no taxable income, should not be included in gross income in petitioner's return for 1939. As to the second issue the respondent concedes in his brief that the amount of $773.65 representing the aggregate of petitioner's collections in 1939 on bonds which had been charged off its books in prior years but had not been claimed or allowed as deductions on its income tax returns is not taxable income in 1939. The third issue involves petitioner's claim, asserted in an amended petition, for an additional loss deduction of $2,117.25 representing the unrecovered *116 cost of certain bonds of the First National Company which it acquired in 1930. On January 21, 1930, petitioner purchased for cash $2,500 face value of six percent Series M bonds of the First National Company at par. Both the issuing company and the trustee for the bonds failed and were placed in receivership soon thereafter and within the year 1930. On June 27, 1930, an assessment of three percent, or $75, was paid by the petitioner to a bondholders' committee to which the bonds had been transferred for collection. On January 6, 1931, petitioner charged off in its books $500 of the cost of the said bonds and on September 18, 1931, it charged off an additional amount of $1,600. Also, on September 18, 1931, it received a liquidating dividend of $450. On August 22, 1932, petitioner charged off $24 of the remaining cost of $25 and thereafter carried the bonds in its books at a nominal cost of $1. On June 29, 1938, the account was finally closed in the books. On April 14, 1939, petitioner received a final liquidating distribution of $7.75. No part of the cost of the bonds which petitioner charged off in prior years was ever claimed or allowed as a deduction in its income tax returns *117 for such years. The petitioner now claims the right to deduct the unrecovered cost of the bonds, $2,117.25, in its 1939 return as a bad debt. In his brief the respondent contends that the bonds in question became worthless prior to the taxable year 1939 and that the petitioner may not claim any part of their cost as a deduction of that year. We think that the evidence clearly supports this contention. The issuing company, First National Company, became insolvent and was placed in receivership in the same year that the bonds were purchased, 1930. Petitioner in that year paid an assessment of three percent to a bondholder's committee to which the bonds had been transferred. In 1931 petitioner charged off in its books all but $25 of the remaining cost of the bonds and in 1932 charged off $24 of that amount, leaving a nominal book cost of $1. It was petitioner's custom to carry defaulted bonds in its books at this nominal amount until receipt of the final dividend. However, in December, 1932, when the account was closed the amount which petitioner expected ultimately to recover on the bonds was so small that it decided not to carry them in its books, even at the nominal figure. E. G. *118 Rusk, petitioner's trust officer and assistant cashier, testified that in September, 1931, when the liquidating dividend of $450 was received and the charge-off of $1,600 was made, "we thought there would be very little left." It is obvious that the bonds became worthless for all practical purposes long before the taxable year 1939 and that their worthlessness was known to the petitioner and that petitioner had no reasonable hope or expectation at any time in 1939 of ever realizing anything more on its investment. In these circumstances we hold that the petitioner is not entitled to deduct any portion of the cost of the bonds in 1939. Decision will be entered under Rule 50.