Citizens Bank & Trust Company v. Commissioner.
Citizens Bank & Trust Co. v. Commissioner
Docket No. 108341.
United States Tax Court
1942 Tax Ct. Memo LEXIS 110; 1 T.C.M. (CCH) 15; T.C.M. (RIA) 42573; October 29, 1942
*110 Frank J. Albus, Esq., Earle Bldg., Washington, D.C., for the petitioner. E. L. Corbin, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: This is a proceeding for the redetermination of a deficiency in income tax for 1939 in the amount of $905.77. The petitioner alleges that the respondent erred in the determination of the deficiency by adding to the net income reported on its return $5,489.53 designated as "Gain on sale of Bonds." [The Facts] The petitioner is a banking corporation with its place of business at Clarksville, Virginia. It filed its income tax return for 1939 with the collector of internal revenue for the district of Virginia. In 1929 the petitioner purchased on the open market as an investment the following bonds at the cost indicated: Cost
3 M 4 1/2% Assoc. Gas & Elec.
Corp. convertible bonds
$2,942.91
5 M 6 1/2% Natl. Food Prod.
Corp. convertible bonds
4,761.62
Total
$7,704.53
In 1933 the Commissioner of Insurance and Banking for the State of Virginia, upon an audit of the petitioner's accounts, recommended the charge-off from its capital accounts of the amount of $19,185.01 reflecting the depreciation on certain stocks and *111 bonds. Included in this amount was $5,489.53 representing the depreciation in the market price of the bonds above referred to. The petitioner acted in accordance with the recommendation and in its income tax return for 1933 claimed the deduction of bad debts in the amount of $24,390.97 included in which amount is the $5,489.53 above referred to. Its return showed a net loss for the year of $22,890.28. In 1938 the petitioner charged off an additional amount of $850 of the cost of the 5,000 National Food Products Corporation bonds. This amount was likewise claimed as a bad debt deduction in the petitioner's tax return for 1938. The petitioner had a taxable income for 1938 and got a tax benefit from the deduction of the $850 as representing depreciation in value of the National Food Products Corporation bonds. In 1939 the petitioner sold the above referred to bonds for $4,152.93 or at a loss based on cost of $3,551.60. Since the petitioner had gotten a tax benefit from the deduction of $850 in its 1938 return, it claimed the deduction of a loss in its 1939 return of only $2,701.60. At the time the bonds were sold in 1939 they had a book value of $1,365. Since they were sold for $4,152.93 *112 the excess of the sale price over the book price is $2,787.93. Upon the audit of the return the respondent disallowed the claimed loss of $2,701.60 and determined a profit on the sale of $2,787.93. These two amounts represent the $5,489.53 added by the respondent to the petitioner's net income. [Opinion] The question presented is whether the petitioner derived taxable income in 1939 from the sale of the above referred to bonds. It derived a taxable income as determined by the respondent, if the book value of the bonds at the date of sale, namely, $1,365, is the basis for computing the gain. If the petitioner was not entitled to deduct as a bad debt the $5,489.53 shrinkage in the value of the bonds in its income tax return for 1933 then the loss sustained by the petitioner upon the sale of the bonds in 1939 was in the amount claimed by it in its return, namely, $2,701.60. See Second National Bank of Philadelphia, 33 B.T.A. 750; Citizens National Bank of Orange, 33 B.T.A. 758. If, on the other hand, the sale of the bonds in 1939 at a price in excess of their book value represents a recovery of a part of a bad debt *113 charged off in 1933 the amount of the recovery is not includible in the petitioner's tax return for 1939 under Central Loan & Investment Co., 39 B.T.A. 981; $2 National Bank of Commerce of Seattle, 40 B.T.A. 72; affd., 115 Fed. (2d) 875; and Estate of James N. Collins, 46 B.T.A. 765. This is so because the petitioner had no tax benefit from the charge-off made in 1933. The action of the respondent in adding to petitioner's net income for 1939 the amount of $5,489.53 is reversed. Decision will be entered under Rule 50.