Pawnee National Bank, Pawnee, Oklahoma v. Commissioner.
Pawnee Natl. Bank v. Commissioner
Docket No. 108025.
United States Tax Court
1942 Tax Ct. Memo LEXIS 102; 1 T.C.M. (CCH) 25; T.C.M. (RIA) 42580; October 31, 1942
*102 John K. Speck, Esq., for the petitioner. Stanley B. Anderson, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: The proceeding is for the redetermination of deficiencies in income tax for 1938 and 1939 of $120.38 and $154.31, respectively. Petitioner alleges that the respondent erred in the determination of the deficiencies by including in its gross income for 1938 recoveries of bad debts charged off in prior loss years in the amount of $729.58, and in its gross income for 1939 recoveries of bad debts charged off in prior loss years in the amount of $935.25. The proceeding was submitted upon the following stipulation of facts: [The Facts] 1. The Petitioner is a Corporation duly organized and existing under the laws of the United States and domesticated in Oklahoma, and is engaged in the general banking business, with its principal place of business at Pawnee, Oklahoma. The returns for the periods here involved were filed with the Collector of Internal Revenue for the District of Oklahoma. 2. The notice of deficiency (a copy of which is attached to the Petition and marked Exhibit A) was mailed to the Petitioner on April 10, 1941. 3. The taxes in controversy *103 are income taxes for the calendar year 1938, in the amount of $120.38, and for the calendar year 1939, in the amount of $154.31, or a total deficiency of $275.69. 4. The only question in controversy relates to the taxability of certain bad debt recoveries received by Petitioner during the calendar year 1938, in the amount of $729.58, and $935.25, received during the calendar year 1939, all of which bad debt recoveries related to bad debts previously charged off by Petitioner during the calendar years 1930 to 1935, inclusive, as more fully set forth below. 5. In years prior to 1938, the Petitioner, at the direction or with the approval of a national bank examiner, charged off its books as bad debts in the years listed below and in the amount set opposite each year, the following: Calendar Year
Amount
1930
$ 1,491.00
1931
7,125.19
1932
12,893.01
1933
2,603.23
1934
4,652.22
1935
11,303.52
TOTAL
$ 40,068.17
6. In its returns for the years 1930 to 1935, inclusive, petitioner reported the following amounts of net income (losses), interest on Liberty Bonds, etc., and balances (losses) subject to income tax, as follows: Loss Reported Before
Exclusion of Inter-
Interest on
Balance (Loss)
Calendar
est on Liberty
Liberty Bonds,
Subject to
Year
Bonds, Etc.
Etc.
Income Tax
1930
[ 4,994.48)
[ 4,994.48)
1931
(15,122.95)
(15,122.95)
1932
(13,365.60)
(13,365.60)
1933
( 5,834.53)
( 5,834.53)
1934
( 4,364.94)
$1,755.62
( 6,120.56)
1935
( 2,849.13)
5,916.76
( 8,765.89)
TOTAL
$ 54,204.01
*104 7. Petitioner, prior to the calendar year 1938, had recovered against its debts charged off as shown in numbered paragraph 6 above, the following amounts: Year Charged
Recovered Prior
Off
to 1938
1930
$ 22.50
1931
1,277.50
1932
3,845.00
1933
1,406.75
1934
1,665.65
1935
4,313.66
TOTAL
$12,531.06
8. Petitioner, during the calendar year 1938, recovered additional amounts of those bad debts charged off during the calendar years 1930 to 1935, both inclusive, and set forth above in numbered paragraph 6, the following amounts: Calendar Year
Recovered and
Charged Off
Excluded 1933
1930
$ .98
1931
240.91
1932
145.66
1933
250.40
1934
80.00
1935
11.63
Total Recovered and
Excluded 1938
$729.58
9. Petitioner, during the calendar year 1939, recovered additional amounts of those bad debts charged off during the calendar years 1930 to 1935, both inclusive, and set forth above in numbered paragraph 6, the following amounts: Calendar Year
Recovered and
Charged Off
Excluded 1939
1932
$ 5.25
1934
430.00
1935
500.00
Total Recovered and
Excluded 1939
$935.25
[Opinion] The point in issue must be decided in favor of the petitioner *105 upon the authority of Estate of William H. Block, 39 B.T.A. 338 [Dec. 10,585]; Central Loan & Investment Co., 39 B.T.A. 981; National Bank of Commerce of Seattle, 40 B.T.A. 72; affd., 115 F.2d 875; and Estate of James N. Collins, 46 B.T.A. 765. Decision will be entered under Rule 50.